FILED

2011 SEP 14 A 9: 43

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BANK OF AMERICA CREDIT PROTECTION
MARKETING AND SALES PRACTICES LITIGATION                MDL No. 2269

### TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in three actions move to centralize this litigation in the Northern District of California. Defendants[1] oppose plaintiffs' motion, as do plaintiffs in the Northern District of Illinois *Wong* potential tag-along action.

Plaintiffs' motion encompasses three actions pending, respectively, in the Northern District of California, the Western District of Washington and the Eastern District of Wisconsin.[2]

On the basis of the papers filed and the hearing session held, we find that these three actions involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual questions arising from the marketing, enrollment, sale, operation and/or administration of Bank of America's credit protection plan. Plaintiffs variously contend that Bank of America used deceptive and unlawful sales tactics when enrolling individuals into the plan (including enrolling customers without their consent), deceptively marketed the plan as providing benefits that it did not provide (or that plaintiffs were not eligible to receive) and/or made exit from the plan unduly difficult. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

---

[*] Judges Paul J. Barbadoro and Marjorie O. Rendell did not participate in the decision of this matter.

[1] Bank of America Corp. and FIA Card Services NA (collectively Bank of America).

[2] The parties have notified the Panel of four related actions pending, respectively, in the Northern District of California, the Middle District of Florida, the Northern District of Illinois and the Southern District of New York. These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

- 2 -

Plaintiff in the Northern District of Illinois *Wong* action argues against centralization that, *inter alia*, voluntary coordination among the parties is a viable alternative to centralization given the small number of actions and the presence of common counsel for plaintiffs in three actions. The presence and potential viability of these alternatives certainly makes determining whether centralization is necessary a close call. In fact, in the past we have denied and granted centralization of similar credit protection plan litigation. *See* MDL No. 2195 – *In re: Credit Card Payment Protection Plan Mktg. And Sales Pracs. Litig.*, 753 F.Supp.2d 1375 (J.P.M.L. 2010) (denying request to centralize actions against HSBC made during pendency of motion for industry-wide centralization of credit protection plan claims) and MDL No. 2217 – *In re: Discover Card Payment Protection Plan Mktg. & Sales Pracs. Litig.*, 764 F.Supp.2d 1341 (J.P.M.L. 2011) (centralizing claims against Discover Card). As the litigation now stands, there are potentially seven cases brought by four distinct groups of plaintiffs' counsel pending in six districts. While we applaud any voluntary efforts at coordinating the litigation made by counsel, given the number of involved counsel and courts, we are of the opinion that centralization is beneficial.

The Northern District of California, where the first-filed and relatively most procedurally advanced action is pending, stands out as an appropriate transferee forum. Judge Thelton E. Henderson is an experienced transferee judge who has become familiar with the contours of this litigation by virtue of having ruled on defendants' motion to dismiss.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Thelton E. Henderson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Kathryn H. Vratil                W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.            Barbara S. Jones

**IN RE: BANK OF AMERICA CREDIT PROTECTION
MARKETING AND SALES PRACTICES LITIGATION** MDL No. 2269

## SCHEDULE A

Northern District of California

Juan Arevalo, et al. v. Bank of America Corporation, C.A. No. 3:10-04959

Western District of Washington

Cheryl Ross, et al. v. Bank of America Corporation, C.A. No. 3:10-05829

Eastern District of Wisconsin

Marion Walton, et al. v. Bank of America Corporation, et al., C.A. No. 2:11-00277