IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BANK OF AMERICA CREDIT PROTECTION MARKETING & SALES PRACTICES LITIGATION,<br><br>This Order Relates To:<br><br>ALL CASES | NO. MD 11-2269 TEH<br><br>MDL No. 2269<br><br>ORDER DESIGNATING AGENDA FOR CASE MANAGEMENT CONFERENCE AND REQUIRED CONTENTS OF JOINT CASE MANAGEMENT STATEMENT. |

Pursuant to this Court's order of September 19, 2011, the following items shall be discussed at the initial case management conference scheduled to take place on November 14, 2011 in Courtroom 12, 19th Floor, San Francisco. Counsel for all parties should be prepared to discuss all items listed, and shall submit to the Court the required statements (detailed below) on or before November 7, 2011. The agenda for discussion at the conference consists of all items listed herein, including both the topics designated for inclusion in the required statement and the topics independently listed in this Order.

1. ORGANIZATION OF COUNSEL

This Court intends to appoint both Liaison Counsel and Interim Lead Counsel. The duties and scope of each of these roles is set forth in the *Manual for Complex Litigation, 4th* (MCL) at section 10.221 and 10.222.

Prior to the conference, counsel for the plaintiffs and counsel for the defendants, shall, to the extent they have not already done so, confer and seek consensus on the selection of Interim Lead and Liaison Counsel for each group. If no consensus can be reached, then a short deadline for the submission of applications for each role by the attorneys interested in appointment shall be set at the conference. If the parties determine that further

organizational designation shall be required, or that these appointments will not be beneficial to the management of the litigation going forward, they may voice their objection at the conference.

2. JOINT CASE MANAGEMENT CONFERENCE STATEMENTS

Pursuant to the Standing Order For All Judges Of The Northern District Of California and Civil Local Rule 16-9, counsel shall submit the following information in a written statement to the Court on or before November 7, 2011. Statements shall be jointly prepared and filed, to the extent possible–if unable to join in a joint statement, the non-joining party shall comply with the requirements listed in Civil Local Rule 16-9(a) in their filing of a separate statement. Nothing in the statement will be considered as an admission or otherwise bind the partes–all responses are for the purpose of facilitating case management only.

In addition to the information required by Civil Local Rule 16-9 and 16-10, the following information shall be included in the statement:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiffs' claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, the status of service on any outstanding parties, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts in each of the involved cases, and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions filed in each of the involved cases, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed, and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, or other electronically recorded material.

7. <u>Disclosures</u>: Whether there have been any disclosures made in compliance with Fed. R. Civ. P. 26 and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages were calculated. In addition, the party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge or Special Master To Assist The Court</u>: Whether the parties will consent to referral to a Special Master under Fed. R. Civ. P. 53(b)(1) or Magistrate Judge under 28 U.S.C. section 636(b) (1) for assistance in matters such as case management, discovery organization and structuring, prioritization of class

considerations, case resolution procedures, and other matters in which the large scale of this litigation will make assistance prudent and economical.

14. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g. thorough summaries or stipulated facts) and any request to bifurcate issues, claims or defenses.

15. Scheduling: Proposed dates for initial disclosures, designation of experts, discovery cutoff, hearing on dispositive motions, etc. Proposed modification of the time set by Fed. R. Civ. P. 26–or any other proposed modification of an existing timeline–should also be addressed.

16. Discovery: Proposals as to how to coordinate discovery efforts so as to conduct discovery efficiently and without duplication. Examples of proposed strategies can be found in MCL section 11.4, though parties should not feel constrained to the suggestions of the MCL, and may submit their own ideas for maximizing efficiency and minimizing duplication of discovery efforts.

17. Stipulations: Any existing stipulations between any parties and the possibility of others joining in those stipulations.

18. Stipulated Protective Order: Whether counsel are able to concur on a stipulated protective order or, if possible, present one to the Court for its consideration. In the event a stipulation cannot be reached, the Court will execute a protective order generally in the form of the Northern District of California's model stipulated protective order unless or until the parties present the Court with a joint submission.

19. Substantive Groupings of Cases: Whether there are different substantive groups that these cases fall into, how many cases are in each group, and what different statutes or rules apply to each group.

3. MONTHLY STATEMENTS REGARDING TIME SPENT AND COSTS ADVANCED

All attorneys who may ever seek the award of fees or reimbursement of costs in connection with this litigation shall keep files contemporaneously documenting all time

4

spent, including tasks performed, and expenses incurred. The Court will consult with Interim Lead Counsel and Liaison Counsel concerning how and where these files shall be preserved pending completion of the litigation.

4. PRESERVATION OF EVIDENCE

All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data and tangible things" shall be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings, or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties agree on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. <u>Counsel is under an obligation to the court to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties</u>.

5. COMMUNICATION WITH THE COURT AND COUNSEL

The Court recognizes that cooperation by and among plaintiffs' counsel, and by and among defendants' counsel, is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel, and among and between defendants' counsel, shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney work-product. Cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work-product doctrine.

**IT IS SO ORDERED.**

Dated: 10/24/2011

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

6