UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BANK OF AMERICA CREDIT PROTECTION MARKETING AND SALES PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | MD No. 3:11-md-02269 TEH<br><br>MDL Docket No. 2269<br><br>[~~CORRECTED PROPOSED~~] **CASE MANAGEMENT ORDER NO. 1**<br><br>AS MODIFIED BY THE COURT |

This matter came before the Court at the November 14, 2011, Case Management Conference. The Court has read and considered the views and proposals of the parties as set forth in the Joint Case Management Conference statement, and at the Conference itself, and, good cause appearing, the Court ORDERS as follows:

**I.      Pre-Trial Consolidation**

1. This order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant its Transfer Order of September 14, 2011, as well as all related actions originally filed in this court and all "tagalong actions" later filed in, removed to, or transferred to this Court, as well as any other related actions subsequently filed in this Court, or otherwise transferred or removed to this Court (collectively, "the Actions").

## II. Consolidation of Related Actions

2. The Actions are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) for all pretrial purposes. This Case Management Order No. 1 ("CMO No. 1") shall automatically apply to each additional action that is subsequently filed in or transferred to this Court and is consolidated with these actions.

## III. Admission of Attorneys and Appearances

3. Each attorney not a member of the Bar of this Court who is acting as counsel for a Plaintiff or a Defendant herein shall be deemed admitted *pro hac vice* to practice before this Court in connection with the Actions, so long as the attorney is a member in good standing of the Bar of the State in which he or she practices.

4. Counsel who have not yet entered an appearance shall electronically file a Notice of Appearance in the Master Docket, unless they have already been admitted *pro hac vice*.

5. Within ten (10) days of the date of this Order, counsel for any party desiring to receive service of documents filed with the Court shall register for participation in the Court's Internet-based Electronic Case Files (ECF) system.

## IV. Master Docket and Case File

6. A Master Docket (MD No. 3:11-md-02269 TEH) has been established for this proceeding. An original of this CMO No. 1 shall be filed by the Clerk in the file for the consolidated action and in the file of every action subsequently consolidated herewith.

## V. Caption of Cases, Filing, and Docketing

7. Orders, pleadings, motions, and other documents filed in the Actions shall hereafter bear a caption similar to that of this Order:

| IN RE: BANK OF AMERICA CREDIT PROTECTION MARKETING AND SALES PRACTICES LITIGATION | MD No. 3:11-md-02269 TEH |
|---|---|
| | MDL Docket No. 2269 |
| THIS DOCUMENT RELATES TO: | |

8. All papers previously filed and served to date in any of the Actions are deemed part of the record in MD No. 3:11-md-02269 TEH. When a pleading or other court paper

is intended to apply to all actions to which this CMO No. 1 is applicable, the words "ALL CASES" shall appear immediately after the words "THIS DOCUMENT RELATES TO" in the caption set out above. When a pleading or other court paper is intended to be applicable only to one, or some, but not all, of the actions to which this CMO No. 1 is applicable, including any subsequently consolidated action, the separate caption and docket number for each individual action to which the pleading is intended to be applicable shall appear immediately after or below the words "THIS DOCUMENT RELATES TO" in the caption described above. The short form of the case caption (*e.g.*, *[the named plaintiff] v. [first named defendant], et al.*) for such individual actions may be used in such instances.

9. If generally applicable to all coordinated actions, a pleading or other court paper shall include in its caption the notation that it relates to "ALL CASES" and be filed and docketed only in the master case file. Documents intended to apply only to particular cases shall indicate in their caption the case number(s) of the case(s) to which they apply, and shall be filed and docketed both in the master case file and the specified individual case files.

10. This case is assigned to the Electronic Case Filing (ECF) System. The parties are referred to the Court's ECF User's Guide, at https://ecf.cand.uscourts.gov/cand/index.html. Unless otherwise directed by the Court, all documents required to be filed with the Court shall be filed and served exclusively through the ECF system, in accordance with the Court's Electronic Case Filing Administrative Procedures.

11. Papers that are filed electronically through the Court's ECF system are deemed served on all parties as of the date of filing. Except as the parties may otherwise agree among themselves, paper copies of documents filed with the Court need not be served on any party. Discovery requests, responses thereto, and other pleadings not required to be filed with the Court shall be served on Defendants' counsel and Plaintiffs' Liaison Counsel by overnight delivery, or such other method(s) of service as the affected parties may agree among themselves. All other service of papers shall be governed by the Federal Rules of Civil Procedure, unless otherwise agreed by the parties.

**VI.   Application of This Order to Subsequently Filed or Transferred Cases**

12.   Counsel in the above-captioned actions shall call to the attention of the Court the filing or transfer of any related action arising out of similar facts and circumstances as are alleged in the Actions and that therefore might properly be consolidated with the Actions. When an action is added on as part of these proceedings, Plaintiffs' Liaison Counsel will serve a file-endorsed copy of this CMO No. 1 on the attorneys for the plaintiff(s) in such action and any new defendant in such action or their counsel.  A new party objecting to the application of any provision of this CMO No. 1 must file a request for relief from this CMO No. 1 within ten (10) days of service of this CMO No. 1 upon that party, with a copy served on Plaintiffs' Liaison Counsel and Defendants' counsel.

**VII.   Preservation of Evidence**

13.   The Court orders that all parties and their counsel shall preserve evidence, and all parties and their counsel are reminded of their duty under the Federal Rules of Civil Procedure to take reasonable measures to preserve evidence that is potentially relevant to this litigation, including all documents, electronically stored information, and tangible things containing potentially relevant information.  In addition, counsel shall exercise all reasonable efforts to identify and notify parties and non-parties of their document preservation duties, including current and former employees of corporate or institutional parties.

**VIII.   Cooperation Among Defendants and Among Plaintiffs**

14.   The Court recognizes that this litigation may present geographic, personnel, expense and other operational challenges and concerns for the litigants and counsel. Defendants and Plaintiffs shall, to the extent practicable, coordinate among themselves for the efficient and prompt management of these cases.  Cooperation among either Plaintiffs or Defendants to coordinate motion practice or discovery, or otherwise to minimize burdens or expenses in this litigation, is encouraged by this Court.  To the extent practicable and proper, the Court will encourage proposals from counsel throughout this litigation that will advance the causes of courtesy, efficiency and economy, as is appropriately in keeping with concepts of fairness to all parties and a prompt resolution of all disputes.

**IX.   Organization of Plaintiffs' Counsel**

15.   <u>The Chair of Plaintiffs' Executive Committee and Plaintiffs' Liaison Counsel</u>.  The Court appoints the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP, to serve as the Chair of Plaintiffs' Executive Committee and Plaintiffs' Liaison Counsel.

16.   <u>Plaintiffs' Executive Committee</u>.  The Court appoints an Executive Committee comprised of the following Plaintiffs' Counsel:

> Lieff Cabraser Heimann & Bernstein, LLP
> 275 Battery Street, 29th Floor
> San Francisco, CA  94111-3339
> Telephone:  (415) 956-1000
>
> Golomb & Honik PC
> 1515 Market Street, Suite 1100
> Philadelphia, PA 19102
> Telephone:  (215) 985-9177
>
> Carney Williams Bates Bozeman & Pulliam PLLC
> 11311 Arcade Drive, Ste 200
> Little Rock, AK 72212
> Telephone:  (501) 312-8500
>
> Taus, Cebulash & Landau, LLP
> 80 Maiden Lane, Suite 1204
> New York, NY 10038
> Telephone:  (212) 931-0704
>
> Glancy Binkow & Goldberg LLP
> 1801 Avenue of the Stars, Suite 311
> Los Angeles, CA 90067
> Telephone:  (310) 201-9150
>
> Owings Law Firm
> 1400 Brookwood
> Little Rock, AR 72202
> Telephone:  (501) 661-9999
>
> Carey Danis & Lowe
> 8235 Forsyth Blvd., Ste. 1100
> St. Louis, MO 63105
> Telephone:  (800) 721-2519
>
> Paris Ackerman & Schmierer LLP
> 101 Eisenhower Parkway
> Roseland, NJ 07068
> Telephone:  (973) 228-6667
>
> Nagel Rice, LLP
> 103 Eisenhower Parkway

Roseland, NJ 07068
Telephone: (973) 618-0400

17. <u>Duties of Plaintiffs' Executive Committee</u>. Plaintiffs' Executive Committee shall be responsible for performing work to advance the litigation for the common benefit of all plaintiffs and proposed class members, including all plaintiffs and proposed class members in related actions subsequently filed in or transferred to this District. Such work will include, but is not limited to, pretrial law and motion practice, class certification briefing, organizing, coordinating, and taking discovery, and trying the actions. Plaintiffs' Executive Committee's responsibilities for coordinating and organizing Plaintiffs in the conduct of this litigation during its pendency in MDL No. 2269 shall include the following:

(a) Brief and argue motions and file opposing briefs in proceedings initiated by other parties;

(b) Initiate, coordinate, organize, and conduct all discovery on behalf of Plaintiffs consistent with Fed. R. Civ. P. 26, including preparing joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

(c) Conduct trial and post-trial proceedings;

(d) Fund the necessary and appropriate costs of discovery and other common benefit efforts;

(e) Consult with and employ experts, as necessary;

(f) Encourage cooperation and efficiency among all Plaintiffs' counsel;

(g) Call meetings of Plaintiffs' counsel, when appropriate;

(h) Make all work assignments to Plaintiffs' counsel ensuring work is equitably divided amongst Plaintiff's Executive Committee Members;

(i) Monitor the activities of all Plaintiffs' counsel to ensure that the litigation is conducted effectively, orderly, efficiently, and economically; that schedules are met; and that unnecessary, duplicative, or unproductive expenditures of time and expense are avoided;

(j) Negotiate with defense counsel with respect to settlement and/or other ADR efforts, if and as appropriate;

        (k)     Request that the Court approve a proposed settlement and fee petition and to allocate those fees among Plaintiffs' counsel, if necessary;

        (l)     Maintain adequate time and disbursement records covering services as designated counsel;

        (m)     Present all matters of common concern to the Plaintiffs in MDL No. 2269;

        (n)     Perform such other duties and undertake such other responsibilities as they deem necessary or desirable, or as authorized by further order of the Court; and

        (o)     Coordinate and communicate with defendants' counsel with respect to matters addressed in this paragraph.

18. The Plaintiffs' Executive Committee shall have the authority to initiate settlement and/or other ADR efforts discussions, if and as appropriate, and recommend settlement terms to the Court, including by requesting that the Court approve a proposed settlement and fee petition.

19. <u>Duties of the Chair of Plaintiffs' Executive Committee</u>. The Chair of Plaintiffs' Executive Committee shall schedule meetings of the Executive Committee, as required, to review and convey the viewpoints of outside counsel who may wish to communicate with Plaintiffs' Executive Committee.

20. The Chair of Plaintiffs' Executive Committee shall:

        (a)     Act as spokesperson at pretrial conferences;

        (b)     Be the contact between Plaintiffs' counsel and Defendants' counsel as well as the spokespersons for Plaintiffs' counsel, including plaintiffs' counsel in related actions subsequently filed in or transferred to this District;

        (c)     Call meetings of Plaintiffs' counsel;

        (d)     Communicate with the Court to coordinate the litigation, including receipt and dissemination of Court orders and notices; and

        (e)     Be designated as the contact persons from Plaintiffs' counsel and as the attorneys of record with whom the Court will deal throughout the course of this litigation.

21.     The Chair of Plaintiffs' Executive Committee, upon the consent of a majority of the Plaintiffs' Executive Committee and in accordance with paragraph 17(h) above, shall:

    (a)     Coordinate the briefing and argument of motions, and the filing of briefs opposing proceedings initiated by other parties;

    (b)     Coordinate the initiation, organization, and execution of all discovery on behalf of Plaintiffs consistent with Fed. R. Civ. P. 26, including joint interrogatories and requests for production of documents and the examination of witnesses in depositions; and

    (c)     Enter into stipulations with opposing counsel, as necessary, for the conduct of the litigation.

22.     <u>Duties of Plaintiffs' Liaison Counsel</u>.  Plaintiffs' Liaison Counsel shall have the responsibility of communicating with the Court at the direction of Plaintiffs' Executive Committee, and of assisting the Plaintiffs' Executive Committee in the execution of the responsibilities set forth above.  Plaintiffs' Liaison Counsel shall also have the following responsibilities:

    (a)     Maintain an up-to-date, comprehensive Service List of Plaintiffs in MDL No. 2269 and promptly advise the Court and Defendants' counsel of changes to Plaintiffs' Service List;

    (b)     Receive and distribute to Plaintiffs' counsel, as appropriate, Orders, notices, and correspondence from the Court, to the extent such documents are not electronically filed;

    (c)     Receive and distribute to Plaintiffs' counsel, as appropriate, discovery pleadings and correspondence and other documents from Defendants' counsel that are not electronically filed;

    (d)     Maintain a file-endorsed copy of this CMO No. 1, and serve the same on the parties and/or their attorneys in any actions later instituted in, removed to, or transferred to, these proceedings, as set forth below; and

(e) Communicate with the Court, on behalf of the Plaintiffs' Executive Committee, concerning scheduling and other administrative matters.

23. No motion or other pleading shall be filed by any Plaintiff except through Plaintiffs' Liaison Counsel.

24. <u>Interim Class Counsel</u>.  The members of Plaintiffs' Executive Committee shall serve as Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g)(2)(A) until further order of the Court.

25. <u>Privileged Communications Among Plaintiffs' Counsel</u>.  The Court recognizes that cooperation among counsel and the parties is essential for the orderly and expeditious resolution of the litigation.  The communication, transmission, or dissemination of information of common interest among Plaintiffs' counsel shall be protected by the attorney-client privilege, the protections afforded by the attorney work product doctrine, the protections afforded to material prepared for litigation or any other privilege or protection from disclosure to which a party may otherwise be entitled.  Any cooperative efforts by Plaintiffs in connection with MDL No. 2269 and any stipulations entered in MDL No. 2269 in an effort to streamline the litigation or to aid in the management of MDL No. 2269 shall not in any way be used against any of the parties in this or any other action, be cited as purported evidence of conspiracy, wrongful action or wrongful conduct, and shall not be communicated to any jury.

26. <u>Plaintiffs' Counsel's Time Records and Expenses</u>.  The Plaintiffs' Executive Committee shall be generally responsible for coordinating the activities of Plaintiffs during pretrial proceedings as well as monitoring and ensuring that work conducted by Plaintiffs' counsel on this matter is reasonably necessary and avoids unnecessary costs and duplication of effort.  All Plaintiffs' counsel, including plaintiffs' counsel in related actions subsequently filed in or transferred to this District, shall submit to the designee of the Chair of Plaintiffs' Executive Committee a record of the professional time expended to date in the form set forth by the Chair of Plaintiffs' Executive Committee on a quarterly basis or on such other schedule that the Chair of Plaintiffs' Executive Committee may establish.  Counsel who anticipate seeking an award of attorneys' fees from the Court shall keep contemporaneous records of their time and expenses

devoted to this matter in a uniform manner. Those records shall reflect the date the legal service is rendered, the nature of the service rendered, the specific matter in which the service is rendered, and the number of hours expended.

**X.      Preliminary Schedule of Proceedings**

27.     <u>Consolidated Amended Class Action Complaint</u>. Plaintiffs shall amend the *Arevalo v. Bank of America Corp.*, Case No. 3:10-cv-04959-TEH, class action complaint previously filed in this Court with a consolidated amended class action complaint on or before December 13, 2011 ("Consolidated Amended Class Action Complaint").

28.     The Consolidated Amended Class Action Complaint thereto may be amended pursuant to stipulation. Such stipulations must be in writing and filed with the Court. Absent a stipulation, the Consolidated Amended Class Action Complaint may only be amended upon Order by the Court.

29.     For all subsequently filed cases which are made a part of MDL No. 2269, Plaintiffs shall file a pleading styled Notice of Adoption adopting the Consolidated Amended Class Action Complaint. Any Answer by Defendants to the Consolidated Amended Class Action Complaint shall be deemed responsive to all actions filed subsequent to such Answer.

30.     <u>Defendants' Responsive Pleading</u>. Answers, motions to dismiss, or other responses to the Consolidated Amended Class Action Complaint shall be filed on or before thirty-one (31) days after the filing of the Consolidated Amended Class Action Complaint. Except for the Consolidated Amended Class Action Complaint, Defendants need not answer or respond to any complaint or amended complaint filed in any Included Action.

31.     The parties are to use the time before the next Case Management Conference to meet and confer on a proposed discovery plan. Issues as to the scope and timing of discovery should be addressed in the discovery plan after the parties have the opportunity to meet and confer.

32.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of the Northern District of California.

33. In accordance with the dates set forth above, the following schedule shall apply:

| Event | Date |
|---|---|
| Plaintiffs' Consolidated Amended Class Action Complaint | December 13, 2011 |
| Defendants' response to the Consolidated Amended Class Action Complaint | January 13, 2012 |
| If a motion to dismiss is filed, Plaintiffs' opposition brief | February 14, 2012 |
| If a motion to dismiss is filed, Defendants' reply brief | March 7, 2012 |

34. The parties will meet and confer on a discovery plan and will report to the Court on those subjects on which they can and cannot agree in an updated joint Case Management Conference Statement to be filed at least seven days prior to the Case Management Conference on December 20, 2011, at 10:00 a.m.

## XI. Protective Order

35. The parties will promptly meet and confer regarding entry of a suitable protective order, such as the form recommended by the *Manual For Complex Litigation, Fourth*, to protect such confidential information as may be produced in these proceedings Such meet and confer efforts will include a discussion of whether the Stipulated Protective Order in *Arevalo v. Bank of America Corp.*, Case No. 3:10-cv-04959-TEH, can be modified for all Actions.

**IT IS SO ORDERED.**

Dated: 11/23/2011          By: _____
                                THE HONORABLE
                                UNITED STATES DISTRICT JUDGE



IT IS SO ORDERED AS MODIFIED
Judge Thelton E. Henderson
942989.6

11

[PROPOSED] CASE MANAGEMENT ORDER NO. 1
CASE NO. 3:10-CV-04959-TEH