# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: BANK OF AMERICA CREDIT PROTECTION
MARKETING AND SALES PRACTICES LITIGATION

| | | |
|---|---|---|
| Helena Wong v. Bank of America Corp., et al., | ) | |
| S.D. Illinois, C.A. No. 3:11-577 | ) | MDL No. 2269 |

## TRANSFER ORDER

**Before the Panel**: Pursuant to Panel Rule 7.1, defendants Bank of America Corp. and FIA Card Services, N.A. (collectively Bank of America) move to vacate our order that conditionally transferred their action to MDL No. 2269. Several MDL No. 2269 plaintiffs[1] and plaintiffs in *Wong* oppose the motion.

After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2269, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions as to the marketing, enrollment, sale, operation and/or administration of Bank of America's credit protection plans. *See In re: Bank of America Credit Protection Mktg. and Sales Pracs. Litig.*, ___ F.Supp.2d ___, 2011 WL 3648279 (J.P.M.L. August 16, 2011). This action involves damages arising from plaintiffs' alleged participation in Bank of America's credit protection plans.

Defendants assert that plaintiff Wong's claims should not be included in the MDL because she purchased a different product, credit insurance – as opposed to enrolling in a credit protection plan – in 2001. Plaintiff Wong, however, alleges that she participated in a credit protection plan. In their motion to dismiss filed in the transferor court, defendants argue (in addition to several other grounds) that plaintiff Wong's alleged purchase of credit insurance merits dismissal for lack of standing to pursue credit protection plan claims. We decline to accept defendants' characterization of this disputed factual issue, and instead defer to the judgment of the transferee judge. *See, e.g., In re: Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case...").

---

[1] Juan Arevalo, Cheryl Ross, Rose Rowley, Mitchell Sandow, Wilfred Somers, Vivian Somers, Marion Walton, and Angela Zelany.

- 2 -

The transferee judge might determine that plaintiff Wong purchased credit insurance and that the continued inclusion of her claims in the centralized proceedings will hinder the efficient resolution of the credit protection plan claims. But we are unwilling, based on the record before us, to make that determination. Should the transferee judge deem remand of any claims or actions appropriate, then he may accomplish this by filing a suggestion of remand to the Panel. *See* Rule 10.1. We are confident in his ability to streamline pretrial proceedings in all actions, while concomitantly directing the appropriate resolution of all claims.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Thelton E. Henderson for inclusion in MDL No. 2269.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | Frank C. Damrell, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |