# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| *IN RE BANK OF AMERICA CREDIT PROTECTION MARKETING AND SALES PRACTICES LITIGATION*<br><br>*THIS DOCUMENT RELATES TO AND IS FILED IN ALL CASES* | Case No. 3:11-md-02269-TEH<br><br>**CLASS ACTION**<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT, CONDITIONALLY CERTIFYING CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE FOR FINAL APPROVAL OF SETTLEMENT**<br><br>Date:<br>Time:<br>Judge:      Hon. Thelton E. Henderson |

**ORDER PRELIMINARILY APPROVING SETTLEMENT**   Case No. 3:11-md-02269-TEH

Upon review and consideration of the Settlement Agreement dated July 12, 2012 (the "Settlement Agreement") in the above-captioned case (the "MDL Litigation"), and as a hearing on the proposed settlement described in the Settlement Agreement is necessary:

NOW, pursuant to Settlement Class Representatives' Motion for Preliminary Approval of Settlement filed on July 12, 2012 and after a hearing held on July 17, 2012, and good cause appearing, THIS COURT FINDS and ORDERS as follows:

1. The Settlement Agreement is the result of arms-length bargaining. The terms of the Settlement Agreement, and the Settlement provided therein, are preliminarily approved as fair, adequate, and reasonable, subject to further consideration thereof at the Final Approval Hearing described in paragraph 17 of this Order.

2. The definitions set forth in the Settlement Agreement are hereby incorporated by reference into this Order.

3. Solely for the purpose of settlement, in accordance with the Settlement Agreement, and pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby certifies the following class: all people in the United States who were enrolled in a Credit Protection program issued by FIA Card Services, N.A., a subsidiary of Bank of America Corporation, between January 1, 2006 and July 17, 2012. These programs include, but are not limited to: Credit Protection Plus, Cardholder Security Plan, Credit Protection Plan, Credit Protection Deluxe, and Credit Protection Fleet (collectively, "CPP"). For clarification purposes only, the Settlement Class includes customers who originally enrolled in a Credit Protection program prior to January 1, 2006, but remained enrolled at any time on or after January 1, 2006.

4. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds as to the Class that:

    (a) The Settlement Class is so numerous that joinder of all members is impracticable;

    (b) There are questions of law or fact common to the Settlement Class;

    (c) The claims of Settlement Class Representatives are typical of the claims of the Settlement Class that Settlement Class Representatives seek to certify;

    (d) Settlement Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class;

    (e) The questions of law or fact common to the members of the Settlement Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

    (f) Certification of the Settlement Class is superior to other available methods for fair and efficient adjudication of the controversy.

  5. For the purpose of this preliminary approval and all matters relating to the Settlement and the MDL Litigation, until further order of the Court, Juan Arevalo, Mitchell Sandow, Jason Chan, Blanche Melendez, Dominick Mattiello, Jr., as Executor of the Estate of Dominick M. Mattiello, Rose Rowley, Wilfred Somers, Vivian Somers, Cheryl Ross, Maryellen Richmond, Frederick Richmond, Maude Stewart, Marion Walton, and Angela Zeleny shall be appointed Settlement Class Representatives.

  6. The Court preliminarily appoints Lieff Cabraser Heimann & Bernstein, LLP (Chair of Plaintiffs' Executive Committee and Plaintiffs' Liaison Counsel); Glancy Binkow & Goldberg; and Carey, Danis & Lowe as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

  7. The Court appoints the firm of Gilardi & Co, LLC to serve as the settlement and claims administrator ("Settlement Administrator") and to provide the notice described in the Settlement Agreement, except for the Notice to current customers referenced in the paragraph below and described in paragraph III.C.2 of the Settlement Agreement.  The Court approves the content of all the Notices and Claim Form (including the allocation method it describes), and finds that the procedures established for the mailing and distribution of the Notice meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

  8. Within twenty (20) business days after entry of this Order preliminarily approving settlement, Defendants shall furnish a Settlement Class list to the Settlement Administrator.

9. The costs and expenses of printing and preparing the Class Notice (except for notice to current customers pursuant to paragraph III.C.2 of the Settlement Agreement) and the costs and expenses of the Settlement Administrator, and other related administration expenses shall be paid from the Settlement Fund as set forth in Section II.22 and IV.A.1 of the Settlement Agreement.

10. Prior to the Final Approval Hearing, described in paragraph 17 herein, Class Counsel, or the Settlement Administrator under their direction, and Counsel for the Defendants shall serve and file sworn statements evidencing compliance with the provisions of the Preliminary Approval Order concerning the mailing of the Class Notice.

11. Any Settlement Class member wishing exclusion from the Settlement Class shall mail a notice of intention to opt-out, described in paragraph III.C.6 of the Settlement Agreement, to the Settlement Administrator postmarked not later than December 13, 2012. Such notice of intention to opt-out need not be in a particular format, but must contain the words "opt-out," "exclusion," or words to that effect clearly indicating an intent not to participate in the settlement class, and shall set forth the Settlement Class Member's name, address, and telephone number. If there is more than one authorized user on an account with CPP, all authorized users must sign the opt-out. In no event shall persons who purport to opt-out of the settlement as a group, aggregate, or class involving more than one Settlement Class Member be considered valid opt-outs. Individuals are not permitted to exclude other individuals, and if there is a group of opt-outs, each individual Settlement Class Member must evidence his or her intent by complying with the procedures above. Any opt-out submitted by a Settlement Class Member on behalf of a group, aggregate, or putative class shall be deemed valid as to that Settlement Class Member's account only, and shall be invalid as to the group aggregate or putative class. In the event a Settlement Class Member files both an exclusion/opt-out and a Claim Form, the Settlement Administrator shall endeavor to contact the Settlement Class Member to determine the Settlement Class Member's intent. Any Settlement Class Member who does not properly and timely opt-out shall be included in the Settlement Class and shall be bound by any judgment entered in the MDL Litigation.

12. To effectuate the Settlement and the Class Notice provided for herein, the Settlement Administrator shall lease and maintain a post office box of adequate size. The Class Notice shall designate said post office box for all purposes of communicating with the Settlement Administrator. The Class Notice shall designate the address where opt-out notices shall be sent. The Settlement Administrator shall be responsible for the receipt of all responses from Settlement Class Members and shall preserve all opt-out notices and any and all other written communications from Settlement Class Members and all written responses to inquiries by Settlement Class Members relating to the Settlement shall be available at all reasonable times for inspection and copying by Defendants' Counsel and Class Counsel, subject to further order of the Court if issues of privilege and confidentiality arise.

13. The Settlement Administrator shall send to Defendants and Class Counsel a copy of any opt-out received within five (5) days of receipt, with all opt-outs to be received no later than December 18, 2012.

14. In order to receive payment from the Settlement Fund, a Settlement Class Member must submit a Claim Form. All authorized users on an account qualify as a single Class Member. Each Class Member may only submit one Claim Form for each credit card enrolled in CPP. Claim Forms may be submitted online on the Settlement Website or by completing and mailing the Claim Form to the Settlement Administrator.

15. All other events contemplated under the Settlement Agreement to occur after this Order and before the Final Approval Hearing described in paragraph 17 shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

16. Memoranda in support of the Settlement and any petitions for attorneys' fees and service awards shall be filed with the Clerk of the Court on or before November 28, 2012. Reply memoranda shall be filed with the Clerk of the Court on or before December 21, 2012.

17. A Final Approval Hearing shall be held before the undersigned at 10 a.m. on January 14, 2013, in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102-3489, to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the entry of any final order or judgment in the MDL

Litigation, petition for attorneys' fees and service awards, and other related matters. The Final Approval Hearing may be postponed, adjourned, or continued by Order of the Court without further notice to the Settlement Class.

18. Any Settlement Class Member who has not previously opted out in accordance with the terms of this Agreement may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the incentive awards, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth in the Class Notice, the Settlement Agreement, and described below. Any Settlement Class Member who does not provide a written objection in the manner described below shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, the plan of allocation, or the award of any attorney fees and/or service awards. Further, any Settlement Class Member who intends to appear at the Final Approval Hearing, must file and serve on all Parties a Notice of Intention to Appear with the Clerk of Court by December 13, 2012.

19. In order to be heard at the hearing, the Settlement Class Member must make any objection in writing and file it with the Court by December 13, 2012. The objection must also be mailed to each of the following, postmarked not later than the last day to file the objection: (i) Class Counsel – Rachel Geman, LIEFF CABRASER HEIMANN & BERNSTEIN, LLP, 250 Hudson Street, 8th Floor, New York, NY 10013-1413; and (ii) counsel for Defendants – David L. Permut, GOODWIN PROCTER LLP, 901 New York Avenue, NW, Washington, DC 20001. In order to be considered valid, an objection must: (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a member of the Settlement Class; (b) include a detailed statement of such Settlement Class Member's specific objections; (c) state the grounds for such objections, (d) identify all documents which such objector desires the Court to consider, and (e) if the objector is represented by counsel concerning the objection, the name of such counsel.

20. In order to receive monetary relief, a Settlement Class Member must complete a Claim Form in accordance with the instructions contained therein. To be valid and accepted, Claim Forms submitted in connection with this Settlement must be postmarked no later than February 26, 2013.

21. All funds held by the Escrow Agent, described in paragraph IV.E of the Settlement Agreement, shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order of the Court.

22. Without further order of the Court, immediately after payment of the Advance Notice Costs, Class Counsel may direct payment for the costs of notice, locating Class Members, and performing the claims administration tasks including responding to Class Member inquiries, processing claim forms, and paying Taxes, escrow fees and costs, if any. In the event the Court does not approve the Settlement or if the Settlement fails to become effective, neither the Settlement Class Representatives nor Class Counsel (nor any other Plaintiffs' counsel) shall have any obligation to repay any amounts actually and properly incurred or disbursed for such purposes.

23. All proceedings in the MDL Litigation other than such as may be necessary to carry out the terms and conditions in the Settlement Agreement or the responsibilities related or incidental thereto are stayed and suspended until further order of this Court.

///
///
///
///
///
///
///
///
///

24. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the Parties to the MDL Litigation, and all Orders issued pursuant to the Settlement shall be vacated. The fact and terms of this Order and the Settlement, and all negotiations, discussions, drafts, and proceedings in connection with this Order and Settlement, shall not be offered or received in evidence, except as necessary to enforce the terns of this Order and/or the Settlement.

**IT IS SO ORDERED.**

DATED: _7/23/12_  _____

The Honorable THELTON E. HENDERSON
United States District Court Judge