LANG, HANIGAN & CARVALHO, LLP
Timothy R. Hanigan (State Bar No. 125791)
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
(818) 883-5644

Attorneys for objector
Beau Lochridge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: BANK OF AMERICA CREDIT, PROTECTION MARKETING AND SALES PRACTICES LITIGATION | Case No. 3:11-MD-02269-THE<br><br>OBJECTION TO CLASS SETTLEMENT, ATTORNEYS FEES AND EXPENSES AND NOTICE OF INTENTION TO APPEAR<br><br>NOTE ON MOTION CALENDAR: January 14, 2013 at 10:00 a.m. |

Objector Beau Lochridge is a class member. He was enrolled in a Credit Protection program issued by FIA Cards Services, N.A., a subsidiary of Bank of America Corporation, between January 1, 2006 and July 17, 2012.  His address is 2306 Blanco Ct., Arlington, Texas 78001-7085; his phone is (214) 801-1030.  A true and correct copy of his mailed notice is attached as Exhibit 1.

Objector is represented by Timothy R. Hanigan and Chris Bandas.  Mr. Bandas represents objectors in opposition to certain proposed class settlements, as recently in *Dennis v. Kellogg*, 2012 U.S. App. LEXIS 18576, at *6 (9th Cir. Sep. 4, 2012).

Objection is made to the following requirement to object as vague, ambiguous, unnecessary and unduly burdensome to the extent the proponents of this settlement do not believe Objector has supplied enough information to show he is a class member: "To be considered valid, an objection must … attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a member of the Settlement Class[.]"  Moreover, objection is also made

to this requirement because a class member's class membership in this case should be able to be determined through reviewing the Defendants' own records.

The only documents relied upon by Objector are the documents in the Court's file and this objection. Objector through counsel intends to appear at the Final Fairness Hearing. Though, objection is made to the extent the class notice requires a personal appearance at the Final Fairness Hearing as a prerequisite to object.

Whether a notice of a proposed settlement in a class action satisfies due process is a question of law reviewed *de novo*. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993). In this case, objection is made on the basis that the proposed notice fails to satisfy due process because it fails to fairly and accurately represent the amount (or even the range) that class members will receive if they make a claim. The class notice provides a mere guess about what class members who make a claim might receive, but it couches that guess as a real number. In reality, there is no ceiling or floor provided for each class members' settlement amount. The class notice is misleading because it affirmatively represents the approximate amounts of $100 or $50, respectively, for the class members who made a Credit Protection request and those who did not. This is misleading because there is no assurance these approximate amounts are or will be correct.

Objection is made to the adequacy of class counsel and class representatives under the Due Process clause and under Rule 23. Specifically, objection is made pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure. Objection is made to adequacy based upon the failure to sub-class and require separate counsel for each sub-class the two following groups: (1) Class Members who made a Credit Benefit Request and (2) Class Members who did not. *See also Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1996). These two groups within the single class are compensated differently, are competing for the same finite pool of money, have completely antagonistic interests with respect to that single pool of money, and yet their claims are all wrapped up in the same single settlement by the same group of class lawyers representing all of them. Objection is also made to the class representatives receiving any incentive award on this basis.

Objection is also made to the attorneys' fee and expense requests. First, class counsel suggests a 25% benchmark is appropriate for fees alone. However, when the Ninth Circuit calculates a 25% benchmark, it combines the total fees and expenses. *Dennis v. Kellogg*, 2012 U.S. App. LEXIS 18576, at *6 (9th Cir. Sep. 4, 2012). So objection is made on this basis.

Moreover, a proper lodestar cross check would result in a substantial reduction of fees and expenses below 25%. The bare fact that class counsel was compensated on a contingency fee rather than fixed fee basis is not a grounds for enhancement. *See City of Burlington v. Dague*, 505 U.S. 557, 567 (1992). Generic assertions of the sort that "litigation is inherently risky" do not amount to the specific showings necessary to award an enhancement multiplier on the basis of contingent risk. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 731, 733 (1987) (enumerating specific necessary showings). *Accord Wade v. Colaner*, No. 06-3715, 2010 U.S. Dist. LEXIS 138518, at *23-*37 (D. N.J. Dec. 28, 2010) (Wolfson, J.) (refusing to enhance fees).

Simply put, class counsel has failed to overcome the law's "strong presumption that the lodestar is sufficient" without an enhancement multiplier. *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1669 (2010). A lodestar enhancement is justified only in "rare and exceptional" circumstances where "specific evidence" demonstrates that an unenhanced "lodestar fee would not have been adequate to attract competent counsel." *Id.* at 1673. "[T]he burden of proving that an enhancement is necessary must be borne by the fee applicant." *Id.*

Objection is also made to the extent the requirements of *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) were not met.

///
///
///
///

Objector respectfully requests that the proposed settlement is rejected and, if approved, that the proposed award of attorneys' fees and expenses is rejected.

DATED: December 13, 2012                    LANG, HANIGAN & CARVALHO, LLP

By _____
Timothy R. Hanigan
Attorneys for Objector
Beau Lochridge

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 21550 Oxnard Street, Suite 760, Woodland Hills, California, 91367.

On December 13, 2012, I served the within OBJECTION TO CLASS ACTION SETTLEMENT on the interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as stated below or on the attached mailing list:

Rachel Geman, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Class Counsel

David L. Permut, Esq.
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001
Defendants' Counsel

__ (BY TELECOPY) I caused such document to be telecopied to the office of the addressee.

___ (BY ELECTRONIC DELIVERY) I caused such document to be e-mailed to the office of the addressee.

_X_ (BY MAIL) I deposited such envelope addressed to the office of the addressee, with postage thereon fully prepaid, in the United States mail at Woodland Hills, California. As follows:

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date for mailing in this affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 13, 2012, at Woodland Hills, California.

Timothy R. Hanigan