Joseph Darrell Palmer (SBN 125147)
Email: darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer PC
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorneys for Objectors Paul Bien and Khoi Truong

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BANK OF AMERICA CREDIT PROTECTION MARKETING AND SALES PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO AND IS FILED IN ALL CASES | Case No. 3:11-md-02269-TEH<br><br>**OBJECTIONS OF PAUL BIEN AND KHOI TRUONG TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR**<br><br>Date:  January 14, 2013<br>Time:  10:00 a.m.<br>Judge:  Hon. Thelton E. Henderson |

COME NOW, PAUL BIEN and KHOI TRUONG ("Objectors") Class Member to this action, by and through their undersigned counsel, and hereby file these Objections to the Proposed Class Action Settlement, give notice of their counsel's intent to appear at the January 14, 2013, settlement hearing, and request awards of an incentive fee for serving as unnamed class member objectors.

Objector, PAUL BIEN, represents to the court that he is a Class Member, qualified to make a claim for the proposed relief as set forth in the NOTICE OF CLASS ACTION SETTLMENT.  Mr. Bien's Bank of America account number will be provided directly to class counsel and defense counsel for verification of standing.

1

CASE NO. 3:11-md-02269-TEH
OBJECTIONS OF PAUL BIEN AND KHOI TRUONG TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

Objector, KHOI TRUONG, represents to the court that he is a Class Member, qualified to make a claim for the proposed relief as set forth in the NOTICE OF CLASS ACTION SETTLMENT. The ID number provided on his postcard notice is: BACP1 10875645-9.

Objectors respectfully submit the following:

**I.    THE *CY PRES* PROPOSAL IS IMPROPER**

Recently, the Ninth Circuit reversed an order granting approval to a class action settlement because the *cy pres* award was "divorced from the concerns" of the laws under which the lawsuit was brought. *Dennis v. Kellogg*, 697 F.3d ___, 2012 WL 3800230, at *6 (9th Cir. Sep. 4, 2012).[1] The court held that, "[t]o avoid the 'many nascent dangers to the fairness of the distribution process,' we require that there be 'a driving nexus between the plaintiff class and the *cy pres* beneficiaries.'" *Id* at *5 (quoting *Nachshin v. AOL, LLC,* 663 F.3d 1034, 1038 (9th Cir. 2011)). Put differently, there must be more than simply a similarity of interests. A "driving nexus" requires that there actually be a connection between the *cy pres* recipient and the claims brought in the lawsuit. *See Nachshin,* 663 F.3d at 1036 ("*Cy pres* distributions must account for the nature of the plaintffs' lawsuit, the objectives of the underlying statute, and the interests of the silent class members, including their geographic diversity.") An appropriate award will "(1) address the objectives of the underlying statutes, (2) target the plaintiff class, [and] provide reasonable certainty that [class members benefit]." See *id* at 1040.

This lawsuit seeks to right the wrongs of Defendants fraudulent and deceptive business practices. Class Counsel brings allegations of fraud, unjust enrichment, violations of good faith and fair dealing and violations of consumer protection statutes, with the underlying concern being consumer protection. Any unclaimed monies will be directed to the Center for Responsible Lending ("CRL"). CRL "…is a nonprofit, non-partisan organization that works to protect homeownership and family wealth by fighting predatory lending practices. Our focus is on consumer lending: primarily mortgages, payday loans, credit cards, bank overdrafts and auto loans." See:

---

[1] The attorney for these objectors was also counsel for the objector appellants in *Dennis*, nonetheless, the court should get ready for a multi-volume attack aimed at Darrell Palmer based on a whole host of irrelevant facts that have nothing to do with the first time objectors or the objections in this case. A reply with all the nice things judges have said about professional objectors, and their significant improvements in settlements and the law is available on request.

2

CASE NO. 3:11-md-02269-TEH
OBJECTIONS OF PAUL BIEN AND KHOI TRUONG TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

http://www.responsiblelending.org/about-us/. This lawsuit has to do with fraudulent business practices where Defendant provided a product which contained so many restrictions it provided the user no benefit. "Consumer lending" fails to encompass the entire spirit of this lawsuit. A donation solely to CRL doesn't represent the "next best use" of the funds because it fails to address a large portion of the operative claims. See *Six (6) Mexican Workers v. Ariz. Citrus Growers,* 904 F. 2d 1301, 1307-08 (9th Cir. 1990).

Second, even though the chosen *cy pres* beneficiary has some relation to some of the underlying statutes, the donation is not earmarked to effectuate that statutes purpose. CRL has broad goals and focuses on causes other than consumer lending. As proposed, *cy pres* distribution might not benefit the class whatsoever. This court should require that as a condition of accepting the donation, the *cy pres* beneficiary must use the funds toward objectives effectuating the purpose of the underlying statutes in this lawsuit. Additional or alternative nominations should be made, for instance: National Association of Consumer Advocates.

As proposed, the *cy pres* beneficiaries will inadequately serve the goals of the statutes allegedly violated and will not protect the interests of the silent class members. Further the court must hold an evidentiary hearing or at least review admissible and competent evidence and make specific findings to support the designation of the nominated *cy pres* recipient(s). Gone are the days where class counsel, the defendant or the court gets to pick their favorite cause as the recipient. Here there is only argument promoting the CLR – there is no declaration from any CRL official or even any declaration from class counsel disclosing how this organization was chosen. The class has no idea about the nature and extent of any existing relationship between class counsel or defendants and CLR, whether there are any conflicts. Accordingly, as currently proposed, the settlement must be rejected. See *id* at 1312.

## II. THE FEE AWARD IS EXCESSIVE

The consolidated complaint in this case was filed on December 13, 2011. Motions the claims were heard and an amended complaint was filed on April 25, 2012. (Dkt 62) The case was not even at issue until Defendants filed their answer on May 23, 2012. (Dkt 63) One month later all details of this settlement were finalized. (Dkt 76-1, para 26) Two weeks later the motion for preliminary approval was filed. (Dkt 72)

3

CASE NO. 3:11-md-02269-TEH
OBJECTIONS OF PAUL BIEN AND KHOI TRUONG TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

When a common fund is created for the class, the court has the discretion whether to use a lodestar method or the percentage of the fund approach. *In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935,942 (9th Cir. 2011). Whichever option the court chooses, however, discretion must be used to arrive at a reasonable result. *Id.* As they have done here, class counsel often tout a "holding" that when choosing the percentage of the fund approach, a benchmark of 25% is a reasonable starting place. *Id.* But actually there is no "25% rule" because not all courts have supported an across the board rule. See *In re Infospace Inc.*, 330 F. Supp. 2d 1203, 1210 (W.D. Wash. 2004) ("There is nothing inherently reasonable about a 25 percent recovery, and the courts applying this method have failed to explain the basis for the idea that a benchmark fee of 25 percent is logical or reasonable."); *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 129 (9th Cir.1994) ("WPPSSS") ("[T]here is no necessary correlation between any particular percentage and a reasonable fee.").

What courts do agree on, is "a fee award should be assessed based on scrutiny of the unique circumstances of each case", and should be viewed with "a jealous regard to the rights of those who are interested in the fund."" *Goldberger v. Integrated Resources, Inc.* 209 F.3d 43, 53 (2d Cir. 2000). And the foremost "unique circumstance" in this case is the fact that the case was resolved very very very quickly with very little effort and not even one deposition.

The court arrives at the lodestar figure by multiplying the number of hours reasonably spent on the litigation by a reasonable rate. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). Class Counsel's lodestar is $3,121,211, after expending 6,094.80 hours at an average hourly rate of $512.11. Next, the court may make adjustments to the lodestar figure using a multiplier if necessary to arrive at a reasonable fee. *Blum v. Stenson*, 465 U.S. 886, 888 (1984). Class Counsel requests a multiplier of 1.6 for an effective hourly rate of $820.37.

The Ninth Circuit is guided by several factors in deciding whether to award the requested multiplier.[2] Of the things this court must consider, "the most critical factor is the degree of success obtained." *Hensley v. Eckhart*, 461 U.S. 424, 436 (1983).

---

[2] (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8)

4

### III. THE NOVELTY AND DIFFICULTY OF THE QUESTIONS INVOLVED

This lawsuit involves no novel legal questions. Class Counsel doesn't claim that issues were novel. Instead, they discuss the challenges that all attorneys face in class action law suits – the fact that the defendant will "vigorously" oppose their lawsuit, the risk of trying a case and risk of appeal. This factor weighs against the multiplier.

### IV. PRECLUSION OF EMPLOYMENT AND TIME AND LABOR

This lawsuit was wrapped up in record time; although the class numbers in the millions, only 3000 pages of documents were produced (not 3000 documents); minimal written discovery was exchanged and exactly zero depositions were taken. The biggest job in this case was the two days of grueling mediation. This was likely the fastest settlement in 2012 and certainly the easiest. The real work was done by three lawyers at Lieff Cabraser, Daniel Hutchinson, Rachel Geman and Allison Elgart who billed a total of 1285 to the case for total lodestar of approximately $672,000. (Dkt 76-1, p30).

### V. THE AMOUNTS INVOLVED AND RESULTS ACHIEVED

The most important factor, the results achieved, also weighs against the requested multiplier. Class Counsel has done nothing more than given their assurance that the results they have achieved are excellent, but provided no factual evidence to support such claim. There is no evidence of what was at stake for Defendants, what value this settlement is in comparison to the value of a victorious jury verdict or the probable chances of such a verdict. The alleged enormity of a $20 million dollar settlement is meaningless without any context. There is no evidence whatsoever that this result was excellent and actually is not a very large percentage of the total amount of damages alleged in the complaint. Class Counsel bears the burden of supporting their request for fees and costs. *Fischer v. SJB-P.D., Inc.*, 214 F. 3d 1115, 1121 (9th Cir. 2000). A departure from the lodestar is only warranted in "rare and exceptional cases." *In re Bluetooth,* 654 F.3d at 942. The court, as the fiduciary for the class, must make a thorough review of the fee application and hourly records and require real evidence and testimony from the applicants laying out the support for the fee request. There is nothing inherently

---

the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975).

5

CASE NO. 3:11-md-02269-TEH
OBJECTIONS OF PAUL BIEN AND KHOI TRUONG TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

reasonable about a 1.6 multiplier or a 25% fee and granting either can easily be an abuse of discretion if there is a lack of specific findings to support such an award. And based on the application as it stands, without more, such findings are not possible.

"[W]here the plaintiff has achieved 'only limited success,'…the Supreme Court has instructed courts to instead 'award only that amount of fees that is reasonable in relation to the results obtained. *In re Bluetooth,* 654 F.3d at 942 (citing *Hensley,* 461 U.S. at 436.)

Given the brevity of this case, awarding the lodestar would be more than an adequate award for class counsel.

The days of jackpot awards are waning and just because class counsel here only want $5,000,000 doesn't mean that is much too much. We know absolutely nothing about what the claims rate might be or why filing a claim is even necessary. This case has many similarities to *In re Apple IPhone 4 Products Liability Litigation*, 5:10-md-2188-RMW (August 10, 2012, Dkt. No. 29). Where Judge Ronald Whyte with considerable well thought rationale, slashed a $6,000,000 fee request to a little more than $2,000,000. That fee order is attached as Exhibit A and the rationale is incorporated by reference.

## VI. JOINDER IN OTHER OBJECTIONS

These Objectors adopt and join all other well pled, bona fide objections filed by other class members in this case, and incorporate them by reference as if they appeared in full herein.

## VII. CONCLUSION

For the foregoing reasons and all others presented at oral argument, Objectors respectfully request that the Court grant the following relief:

1. Upon proper hearing, sustain these Objections;

2. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement and fee request; and

/ / /

/ / /
6

CASE NO. 3:11-md-02269-TEH
OBJECTIONS OF PAUL BIEN AND KHOI TRUONG TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

3.      Award an incentive fee to these Objectors for their service in improving the fairness of the settlement, and award a reasonable attorneys' fee to their attorney.

LAW OFFICES OF DARRELL PALMER PC

Dated: December 13, 2012          By: /s/ Joseph Darrell Palmer
                                      Joseph Darrell Palmer
                                      Attorney for Objectors Paul Bien and Khoi Truong

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2012, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Northern District of California by using the USDC CM/ECF system.

I certify that all participants in the case who are registered CM/ECF users that service will be accomplished by the USDC CM/ECF system.

     /s/ Joseph Darrell Palmer
     Joseph Darrell Palmer
     Attorney for Objectors

7

CASE NO. 3:11-md-02269-TEH
OBJECTIONS OF PAUL BIEN AND KHOI TRUONG TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR