Rachel Geman (admitted *pro hac vice*)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:     (212) 355-9500
Facsimile:     (212) 355-9592
rgeman@lchb.com

Marc L. Godino
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:     (310) 201-9150
Facsimile:     (310) 201-9160
mgodino@glancylaw.com

Elizabeth Cabraser (State Bar No. 083151)
Michael W. Sobol (State Bar No. 194857)
Daniel M. Hutchinson (State Bar No. 239458)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com
msobol@lchb.com
dhutchinson@lchb.com

Francis J. "Casey" Flynn, Jr. (admitted *pro
hac vice*)
CAREY, DANIS & LOWE
8235 Forsyth Boulevard, Suite 1100
Saint Louis, Missouri  63105-1643
Telephone: (314) 725-7700
Facsimile: (314) 721-0905
casey@jefflowepc.com

*Class Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

IN RE: BANK OF AMERICA CREDIT
PROTECTION MARKETING AND SALES
PRACTICES LITIGATION

THIS DOCUMENT RELATES TO ALL
ACTIONS

MD No. 3:11-md-02269 TEH

MDL Docket No. 2269

**JOINT DECLARATION OF CLASS
COUNSEL IN SUPPORT OF
PLAINTIFFS' REPLY TO MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AND RELATED
RELIEF AND IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES,
AND SERVICE AWARDS**

Date: Monday, January 14, 2013
Judge: Hon. Thelton E. Henderson
Time: 10:00a.m.
Location: Courtroom 2, 7th Floor

RACHEL GEMAN, MARC GODINO, and FRANCIS J. "CASEY" FLYNN, JR., declare as follows:

1.      Rachel Geman is a partner at Lieff Cabraser Heimann & Bernstein LLP ("Lieff Cabraser"), Marc Godino is a partner at Glancy Binkow & Goldberg, and Francis "Casey" J. Flynn, Jr. is a partner at Carey, Danis & Lowe (collectively, "Class Counsel"), counsel to plaintiffs Juan Arevalo, Mitchell Sandow, Jasons Chan, Blanche Melendez, Dominick Mattiello, Jr., as Executor of the Estate of Dominick M. Mattiello, Rose Rowley, Wilfred Somers, Vivian Somers, Cheryl Ross, Maryellen Richmond, Frederick Richmon, Maude Stewart, Marion Wlaton, and Angela Zeleny (collectively, "Named Plaintiffs" or "Plaintiffs") and the Class in the above-caption (the "MDL Litigation").[1] Each of us is admitted, or admitted *pro hac vice*, to practice before this Court.  We have personal knowledge of the matters set forth below based on our active participation in all aspects of the prosecution and settlement of this MDL Litigation.

2.      We submit this Joint Declaration in support of Plaintiffs' Reply Memorandum of Points and Authorities in Support of the Motions for Final Approval of Class Settlement and Related Relief and for Attorneys' Fees, Reimbursement of Expenses, and Service Awards.

3.      After having a full opportunity to consider all aspects of the Settlement, the fact that there were only 13 objections (5 of which are invalid due to being untimely and/or not filed with the court) and 435 opt-outs out of a class of approximately 8 million indicates overwhelming support for the Settlement.   Attached hereto as Exhibit A is a list of the opt-outs, prepared by the Claims Administrator.

4.      Attached hereto as Exhibit B are true and correct copies of the objections that were never, to our knowledge, filed with the Court.  The names of these objectors are Sean J. Randall and Anthony Robinson[2].  Additionally, Zhawantae Griffin did not file her objection with the Court until December 17, 2012, which is four (4) days after the filing deadline, and Carlos Padilla-Noriega did not file his until today.

---

[1] Unless otherwise indicated, the capitalized terms in this Declaration shall have the same meaning as specified in the Settlement Agreement, dated July 12, 2012.
[2] Ronna Burton also never filed her objection, but it was attached as Exhibit C to the Declaration of Markham Sherwood. (Dkt. 75-3, at 17.)

1        5.    Attached hereto as Exhibit C is a true and correct copy of a transcript in another

2    recent case where Lieff, Cabraser was also class counsel and where professional objector Joseph

3    Darrell Palmer, who represents objectors Paul Bien and Khoi Truong in this case, also appeared.

4    *See Arthur v. Sallie Mae, Inc.*, 2:10-cv-00198-JLR, Tr. of Hrg. (W.D. Wash. Sept. 14, 2012).

5

6        We declare under penalty of perjury that the foregoing is true and correct to the best of my

7    knowledge and that this declaration was executed on December 21, 2012

8

9    New York, New York

10                                 */s/ Rachel Geman*
                                   RACHEL GEMAN

11

12   Los Angeles, California

13                                 */s/ Marc Godino*
                                   MARC GODINO

14   St. Louis, Missouri

15                                 */s/ Francis "Casey" Flynn, Jr.*
                                   FRANCIS "CASEY" FLYNN, JR.

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

| FirstName | LastName | Name1 | City | State | OptOut |
|-----------|----------|-------|------|-------|--------|
| WILLIAM | ABRAHAM | | ORLAND PARK | IL | 11/8/2012 |
| ATUL | ADHAV | | CROFTON | MD | 12/7/2012 |
| KAMAL | AHMED | | LOS ANGELES | CA | 10/25/2012 |
| ALPHONSE | ALEXANDER | | RIO PIEDRAS | PR | 12/3/2012 |
| Lisa | Alford | | Liberty | TX | 11/16/12 |
| ANGELA | ALLEN | | HANOVOR | MD | 11/05/12 |
| BARBARA | ALMOND | | SPOKANE VALLEY | WA | 11/2/2012 |
| Sergey | Alyshev | | Round Lake | IL | 12/10/12 |
| MARY | AMANTIA | | SIMI VALLEY | CA | 11/5/2012 |
| MINA | AMEMIYA | | TOYO | JAPAN | 10/21/2012 |
| JEANNETTE | ANDERSON | | FELTON | DE | 10/15/2012 |
| MARY | ANGLE | | MESA | AZ | 10/23/2012 |
| MARQUITA | ARMSTRONG | | CINCINNATI | OH | 11/15/2012 |
| JOANNE | ARNO | | SHERMAN OAKS | CA | 11/13/2012 |
| VERA | ASHTON | | CINCINNATI | OH | 11/9/2012 |
| CORINE | ASSANE | | AUSTIN | TX | 12/5/2012 |
| JUDITH | AUDET | | WOONSOCKET | RI | 11/3/2012 |
| GEORGE | BAILEY | PEARL L BAILEY | WASHINGTON | DC | 12/5/2012 |
| SUSAN | BAINES | | YUCCA VALLEY | CA | 11/15/2012 |
| JOELY | BAKER | | FARMINGTON | NM | 10/29/2012 |
| ALMA | BALL | | HODGES | SC | 10/22/2012 |
| BRADY | BALLARD | | TROY | VA | 11/24/12 |
| ALBERT | BARNS | | SOUTHERN PNES | NC | 12/7/2012 |
| ROBERT | BAUGHAN | | CHARLISLE | PA | 11/05/12 |
| BEHROOZ | BEHBOD | | ATLANTA | GA | 10/29/2012 |
| BEVERLY | BELL | | HARBORCREEK | PA | 12/17/12 |
| OLIVIA | BELLAR | | LAW | KY | 11/02/12 |
| EVELYN | BERG | | RAPID CITY | SD | 11/5/2012 |
| Decetta | Berning | | Lamar | MO | 12/10/12 |
| KATHLEEN | BEYER | | WEBSTER | WI | 10/30/2012 |
| CHERI | BICKLEY | | PALM BAY | FL | 10/29/2012 |
| DOLORES | BLACKWELL | | SPARTANBURG | SC | 10/12/2012 |
| PAMELA | BLANTON | | MARION | NC | 10/19/2012 |
| ARLENE | BLOSE | | HENDERSON | NV | 10/29/2012 |
| ROBERT | BOLTON | | CORBETT | OR | 11/13/2012 |
| ALEXANDER | BONEY | | BRIGHTWATERS | NY | 11/08/12 |
| RENA | BOOKER | | BRONX | NY | 10/10/2012 |
| CHAD ERIC | BOOTH | | MADISON | AL | 11/06/12 |
| KATHLEEN | BOUDOIN | | GRAMERCY | LA | 12/12/2012 |
| JUDY | BOULA | | BELCHERTOWN | MA | 11/3/2012 |
| TODD | BOYCE | | TACOMA | WA | 11/13/2012 |
| AMELIA | BOYKIN | WILLIAM A BOYKIN | MYRTLE BEACH | SC | 10/18/2012 |
| JANICE | BOYNTON | | BREMEN | GA | 10/29/2012 |
| LYNNE | BREGERON | | WEST REDDING | CT | 12/11/12 |
| DELORES | BRIDGES | | HOPKINSVILLE | KY | 11/3/2012 |
| SHIRLEY | BRISTER | | TURLOCK | CA | 11/13/2012 |
| MALVICE | BROWN | | YUMA | AZ | 12/3/2012 |
| KIMBERLY | BROWN | | ARLINTON | VA | 11/13/2012 |
| DORIS | BRUBAKER | | SUN VALLEY | NV | 12/12/2012 |
| SANDRA | BRYAN | | MILTON | WV | 12/13/12 |
| JESSICA | BRYANT | | WATERTOWN | WI | 10/29/2012 |
| LOUISE | BUCHIGNANI | | HEALDSBURG | CA | 10/29/2012 |
| ELSIE | BURRELL | | APPOMATTOX | VA | 10/18/2012 |

| FirstName | LastName | Name1 | City | State | OptOut |
|---|---|---|---|---|---|
| DONALD | BUSCH | | WESTCHESTER | IL | 11/5/2012 |
| WENDY | BUSCHATZ | | ANDERSON | SC | 10/20/2012 |
| BERNADETTE | BUTGEREIT | | KENTWOOD | MI | 11/08/12 |
| LONZENA | BUTS'IYERS | | LANDENER HILLS | MD | 11/20/12 |
| JOHN | BYLER | | ST JOHNSVILLE | NY | 12/06/12 |
| SHIRLEY | CALUMPONG | | KANSAS CITY | MO | 12/12/12 |
| LORNA | CARDERON | | SAN JUAN | PR | 12/3/2012 |
| STEPHEN | CARMICHAEL | | WEST SALEM | OH | 11/5/2012 |
| ELSIE | CARPENTER | | JEFFERSONVILLE | KY | 10/29/2012 |
| PAULETTE | CARSTENS | | SARASOTA | FL | 11/7/2012 |
| RONALD | CARTER | | KNOXVILLE | MD | 10/12/2012 |
| PETER | CASTILLO | | JUNEAU | AL | 11/08/12 |
| MARIA | CASTRO | | AVENTURA | FL | 11/08/12 |
| JULIE | CATON | | LEESBURG | VA | 10/24/2012 |
| Gary | Chang | | Bronx | NY | 12/13/12 |
| PHYLLIS | CHAPMAN | | UNION | MO | 11/1/2012 |
| DEBORAH | CHARNING | | HOLLYWOOD | FL | 11/07/12 |
| DIANE | CHASPPELL | | ELLICOTT CITY | MD | 11/05/12 |
| ARHM | CHOI | | BROOKLYN | NY | 11/09/12 |
| FERNANDO | CHOW | | FONTANA | CA | 11/5/2012 |
| ASHLEY | CHRISTOPHERSEN | | PORTLAND | OR | 11/06/12 |
| RITA | CHUBAROVA | | WASHINGTON | DC | 11/7/2012 |
| KINNARD | CLARK | | KIOWA | KS | 10/22/2012 |
| RICHARD | CLOVIS | | clarksburg | wv | 11/19/12 |
| MARY | COBB | | GARFIELD | NJ | 10/16/2012 |
| BECKY | COBB | | CHATTANOOGA | TN | 11/07/12 |
| KAREN | COLBERT | | NEW MADRID | MO | 11/3/2012 |
| DULCE | COLLAZO | | GALVESTON | TX | 10/22/2012 |
| ROBIN | COLLINS | | BONNEY LAKE | WA | 12/13/12 |
| JUDITH | COMPTON | | LANGHORNE | PA | 11/26/12 |
| PATRICIA | COOK | | WALNUT | CA | 11/3/2012 |
| Leonard | Cook | | Entiat | WA | 11/20/12 |
| Thomas | Cook | | Mountain Home | ID | 12/04/12 |
| DIANA | COONS FOWLER | | BREMERTON | WA | 12/03/12 |
| Marivelisse | Corr | | Long Beach | NY | 12/13/12 |
| MARIE | COTTOM | | ORANGE PARK | FL | 11/13/2012 |
| LAWRENCE | COTY | | HAMILTON | MT | 11/07/12 |
| JONATHAN | COUNTS | | MORRISVILLE | PA | 12/13/12 |
| RICHARD | CRAVEN | | FARMINGTON | MN | 11/1/2012 |
| MARIO | CROVO | | SACRAMENTO | CA | 10/30/2012 |
| LAKITA | CUMMINGS | | TAMPA | FL | 11/26/12 |
| CONNIE | CURTIS | | LA FAYETTE | GA | 10/31/2012 |
| JUDY | DAHLBERG | | REDMOND | WA | 11/3/2012 |
| THADA | DANIELS | | GALAX | VA | 11/3/2012 |
| ANITA | DARBY | | SHARPTOWN | MD | 11/21/2012 |
| ERIC | DAVIS | | SUNNYVALE | CA | 12/13/12 |
| JEANNE | DAVIS | | WILBURTON | OK | 11/01/12 |
| PAMELA | DE CRESCENZO | | BAKERSFIELD | CA | 11/17/2012 |
| LOLA | DEALY | | JACKSONVILLE | FL | 10/27/2012 |
| BARBARA | DELASAUX | | MODESTO | CA | 10/16/2012 |
| MARLENE | DELEON | | SALINAS | CA | 10/23/2012 |
| Katy | Di Michele | | Melbourne | FL | 11/27/12 |
| LINDA | DIMARZO | | SANFORD | NC | 12/6/2012 |

| FirstName | LastName | Name1 | City | State | OptOut |
|-----------|----------|-------|------|-------|--------|
| Betty | Dimoff | | New Middletown | Ohio | 11/20/12 |
| ROBERTA | DIXSON | | NORWICH | NY | 12/6/2012 |
| REBECCA | DOBBS | | REDWOOD CITY | CA | 11/5/2012 |
| JAMES | DOHERTY | | BALTIMORE | MD | 10/29/2012 |
| MARIE | DREYER | | SAINT ANN | MO | 10/29/2012 |
| EILEEN | DUMING | | YONKERS | NY | 11/06/12 |
| DANIEL | DURITSA II | | MORGANTOWN | WV | 11/06/12 |
| DEBBIE | EASLEY | | COATS | NC | 11/1/2012 |
| MONICA | EATMON | | GREENSBURG | KY | 11/9/2012 |
| PHILIP | EHRLICH | | NEW YORK | NY | 10/17/2012 |
| SANDRA | ELLIOTT | | DURANGO | CO | 11/5/2012 |
| Joyce | Empson | | Scio | NY | 12/10/12 |
| RAY | EPLING | | HUDDLESTON | VA | 12/6/2012 |
| LOUISE | ESON | | WESTMINSTER | CO | 10/16/2012 |
| Brandy | Fallgren | | New Bedford | MA | 11/21/12 |
| FRED | FAZIO | | SURPRISE | AZ | 12/01/12 |
| TWILLON | FIELDS | | OWINGS | MD | 12/10/2012 |
| JAMES | FOREMAN | | STOKESDALE | NC | 10/22/2012 |
| ZENA | FORTSON | | MC ALISTERVILLE | PA | 12/11/12 |
| JENNIFER | FOUNTAIN | | PICAYUNE | MS | 10/29/2012 |
| RICHARD | FRAME | | SMITHFIELD | PA | 12/12/12 |
| ALBERT | FRITZ | | BURTON | OH | 11/13/2012 |
| J | FRY | | PORTERVILLE | CA | 10/30/2012 |
| AMY | FU | | AIEA | HI | 11/13/2012 |
| MARILYN | FURMAN | | MILLVILLE | DE | 11/1/2012 |
| WILLIAM | GAINES | | AUBURN | AL | 11/16/12 |
| JOYCE | GARNER | | HIGHLAND HOME | AL | 11/17/2012 |
| BRITTANY | GARRISON | | PLACENTIA | CA | 11/28/2012 |
| EDGE | GERRING | | LOLETA | CA | 11/10/12 |
| ERIN | GIANNELLI | | FORDS | NJ | 11/16/12 |
| MAGGIE | GIBSON | | WORCESTER | MA | 11/16/2012 |
| JOHN | GIBSON | | MARYLAND HEIGHTS | MO | 10/30/2012 |
| Alicia | Gibson | | Varney | WV | 11/26/12 |
| BEVERLY | GLENN | | BLACK MOUNTAIN | NC | 10/31/2012 |
| Edgar | Gobielle | | Lewiston | ME | 11/19/12 |
| ROBERT | GREEN | | BALTIMORE | MD | 10/10/2012 |
| BARBARA | GREEN | | ROCKPORT | TX | 11/23/2012 |
| ROBERT | GREENE | | ASHBURN | VA | 12/10/2012 |
| PATRICIA | GREENFIELD | | SEBRING | FL | 11/06/12 |
| KENNETH | GREENLEE | | ROCKFORD | IL | 11/1/2012 |
| FRANCIS | GRINDLE II | | BUCKSPORT | ME | 12/11/12 |
| BEN | GRUNDMEIER | | CEDAR RAPIDS | IA | 10/30/2012 |
| DONNA | HACKNEY | | RIPLEY | WV | 10/24/2012 |
| KATHERINE | HANSEN | | NORFOLK | VA | 12/11/12 |
| ANNE | HARDER | | FOUNTAIN VALLEY | CA | 11/14/2012 |
| LEOLA | HARMAN | | FORT WORTH | TX | 10/15/2012 |
| VERA | HARNED | | LANCASTER | SC | 10/23/2012 |
| MAYLEEN | HARRIS | | N LITTLE ROCK | AR | 10/16/2012 |
| BERNICE | HARRISON | | JONES | OK | 10/31/2012 |
| Harold | Harvey | | Bartlett | IL | 12/03/12 |
| RL | HAWKINS | | MEXIA | TX | 10/29/2012 |
| SALLY | HAWTHORNE | | KALAMAZOO | MI | 11/2/2012 |
| BILLIE | HAZELTON | | FRESNO | CA | 11/1/2012 |

| FirstName | LastName | Name1 | City | State | OptOut |
|---|---|---|---|---|---|
| EDWARD | HEIMANN | | COLUMBUS | NE | 12/10/12 |
| ARLAN | HELM | | ANAHEIM | CA | 11/2/2012 |
| GARRY | HEMRIC | | THOMASVILLE | NC | 11/26/12 |
| JONATHAN | HENRY | | WHITE PLAINS | NY | 11/16/12 |
| PATRICE | HERRING-MILLER | | TULSA | OK | 12/10/2012 |
| Linda | Herzog | | Round Rock | TX | 11/21/12 |
| ANETTE | HILL | | MADISON | OH | 12/4/2012 |
| CHARLOTTE | HINES | | GREEN VALLEY | AZ | 11/20/12 |
| PHYLLIS | HINEY | | XENIA | OH | 12/11/2009 |
| ELEONORE | HINOJOSA | | AZALEA | OR | 12/4/2012 |
| RICHARD | HOLLAND | | WEBSTER | TX | 10/30/2012 |
| SHERVONA | HOPKINS | | ROANOKE | VA | 10/27/2012 |
| Adrienne | Hulse | | Conshohacken | PA | 12/10/12 |
| JULIE | HUMPHREYS | | SANTA MONICA | CA | 10/19/2012 |
| Dorothy | Hunter | | Condon | OR | 11/26/12 |
| ALBERTA | JACKSON | | HARWOOD | MO | 10/31/2012 |
| RICHARD | JACOBS | | EL SEGUNDO | CA | 11/10/2012 |
| NARENDER | JALIGAMA | | WEBSTER | NY | 11/09/12 |
| WENDY | JAMA | | RIVERSIDE | CA | 10/19/2012 |
| LAUREL | JAMIESON | | REED CITY | MI | 10/30/2012 |
| RIYADH | JARJIS | | TAMPA | FL | 12/11/12 |
| MYRIAM | JIMENEZ | | BRANDON | FL | 12/13/2012 |
| ZHE | JIN | | NEW YORK | NY | 12/01/12 |
| ROSE | JOHNSON | | TUCSON | AZ | 10/29/2012 |
| CLINT | JOHNSON | | JACKSONVILLE | FL | 10/30/2012 |
| KATHERINE | JOHNSON | | BALTIMORE | MD | 10/31/2012 |
| RONALD | JOHNSON | | MINNEAPOLIS | MN | 11/30/12 |
| Patricia | Johnson | | Novato | CA | 12/12/12 |
| GARY | JONES | | YOUNGSTOWN | OH | 10/22/2012 |
| MAURICE | JONES | | BALTIMORE | MD | 11/2/2012 |
| GORIA | JONES | | SUMMERVILLE | SC | 11/19/12 |
| LINDA | JONES | | PORTSMOUTH | VA | 11/06/12 |
| SUNIL | JOSHI | | BELMONT | CA | 12/7/2012 |
| DAVID | JOYNE | | KIRKSVILLE | MO | 12/11/12 |
| J | JUDGE | | WORCESTER | MA | 12/7/2012 |
| Maria | Juliana Borja Angulo | | Miami | FL | 12/10/12 |
| Claudia | Justiniano | | Providence | RI | 12/11/12 |
| NEMATA | KABBA | | PITTSBURGH | PA | 11/6/2012 |
| JOSEPH | KALA | | ERIE | PA | 11/28/12 |
| Bhaskar | Karanam | | Dunwoody | GA | 11/20/12 |
| MARGOT | KARNES | | BLOOMSBURG | PA | 10/26/2012 |
| SHARON | KAUFMAN | | BREMER | IN | 11/24/12 |
| GAIL | KEEL | | WHITTIER | NC | 12/10/12 |
| ANTHONY | KEGAI | | COLUMBUS | OH | 11/06/12 |
| KENNETH | KELBEL | | RICHLAND CTR | WI | 12/30/12 |
| RUSSELL | KENJOCKETY | | BUFFALO | NY | 10/31/2012 |
| EDWARD | KENNEDY | | BUTLER | PA | 12/10/2012 |
| JOANIE | KENYON | | ORCUTT | CA | 11/9/2012 |
| SUSAN | KETTLE | | GRAND RAPIDS | MI | 10/29/2012 |
| ZARINA | KHAN | | LYNDHURST | NJ | 11/13/2012 |
| GWEN | KIEFER | | PALM DESERT | CA | 11/01/12 |
| JANE | KIM | | SAN FRANCISCO | CA | 11/20/2012 |
| PHYLLIS | KISER | | WARRENTON | VA | 10/26/2012 |

4

| FirstName | LastName | Name1 | City | State | OptOut |
|-----------|----------|-------|------|-------|--------|
| JOHN | KISOR | | LINDALE | GA | 12/10/2012 |
| JENEE | KNEE | | JACKSONVILLE | FL | 10/20/2012 |
| Nelda | Knoblock | | Newport News | VA | 11/20/12 |
| LYNDA | KOSS | | ROCHESTER | MI | 12/6/2012 |
| SHERRY | KRAEPLIN | | MISSION | TX | 12/7/2012 |
| Benjamin | Krauss | | Waskaytou | DL | 12/10/12 |
| Whitney | Kremer | | Clearwater | FL | 11/19/12 |
| CAROLYN | LARABRAUD | | WACO | TX | 10/25/2012 |
| ROBERTA | LARGENT | | CAHONE | CO | 12/5/2012 |
| RUTH | LAVERTY | | HACKETSTOWN | NJ | 12/12/12 |
| KRISTEN | LAWLER | | SNOVER | MI | 12/3/2012 |
| JOSEPHINE | LAWSON | | GARDNER | KS | 11/03/12 |
| MICHELLE | LEHRMAN | | PORTLAND | OR | 11/16/2012 |
| LAWRENCE | LEVINE | | BALLSTON SPA | NY | 11/29/2012 |
| KATIE | LEWIS | | BERNIE | MO | 11/5/2012 |
| BILLIE | LEWIS | | BERNIE | MO | 11/5/2012 |
| JEFFREY | LIGHTBOURN | | HOUSTON | TX | 11/13/2012 |
| Christa | Livick | | Pylesville | MD | 11/23/12 |
| BEATRIZ | LLANOS | C/O CHINEYE UWECHUE- AKPATI | ENCINO | CA | 12/12/2012 |
| THOMAS | LLOYD | C/O ROBERT LLOYD | VIENNA | VA | 11/30/2012 |
| KATRINA | LO | | GRAHAM | NC | 10/20/2012 |
| Barry | Locke | | Roy | WA | 11/21/12 |
| Eddie | Lomas | | Glenpool | OK | 12/13/12 |
| GEORGE | LONG | | HOOKSETT | NH | 10/30/2012 |
| HANNAH | LONGO | | EUGENE | OR | 11/1/2012 |
| MIRSA | LOPEZ | | BEAVERTON | OR | 10/11/2012 |
| Ivan | Lopez | | Fresno | CA | 12/11/12 |
| SCOTT | LOWE | | SHELL KNOB | MO | 10/29/2012 |
| LASHANN | LUNNON | | BROOKLYN | NY | 11/8/2012 |
| ANNA | LUTH | | COLUMBIA | IL | 11/02/12 |
| JOHN | MAGNUSON | | MARYSVILLE | WA | 11/14/2012 |
| MARIA | MAGRAS | | ST THOMAS | VI | 10/31/12 |
| MARY | MAHAN | | CLINTON | MO | 10/27/2012 |
| JAMES | MALSON | | MONROE | LA | 10/30/2012 |
| WELKIS | MALVEAU | | MIAMI | FL | 12/13/2012 |
| SHIRLEY | MARMANN | | FARMERSBURG | IA | 12/11/12 |
| BECKY | MARRUFO | | CHAPARRAL | NM | 10/25/2012 |
| J | MARTIN | | PEORIA | IL | 10/27/2012 |
| ELBA | MARTINEZ | | WESLEY CHAPEL | FL | 10/29/2012 |
| JUAN | MARTINEZ | | TAMPA | FL | 12/13/2012 |
| Luis | Martinez | | Carolina | PR | 12/13/12 |
| IRENE | MARTINSON | | TERRY | MI | 12/12/2012 |
| TERESA | MASTERSON | | MIAMI | OK | 12/13/12 |
| DIANE | MASTROLIA | | JACKSON | NJ | 11/10/2012 |
| TAKAKO | MASUDA | | TORRANCE | CA | 10/18/2012 |
| MARGARET | MAVRICH | | NORTH CANTON | OH | 11/09/12 |
| SARA | MAXWELL | | SALT LAKE CITY | UT | 11/2/2012 |
| WOODROW | MC MURRAY | | BLOOMINGTON | TX | 11/22/12 |
| ENRICA | MCCANN | | NEW PRT RCHY | FL | 11/07/12 |
| CAROL | MCGUIRE | | NORTH ANDOVER | MA | 11/2/2012 |
| EVELYN | MCGURK | | TAMPA | FL | 12/10/2012 |
| LAURA | MCNAMARA | | CARVER | MA | 10/31/2012 |
| PHIL | MCQUEEN | | HOUSTON | TX | 11/14/2012 |

| FirstName | LastName | Name1 | City | State | OptOut |
|---|---|---|---|---|---|
| OCTAVIO | MENDEZ-OSORIO | | BEAVERTON | OR | 10/11/2012 |
| Brett | Merritt | | Tracy | CA | 12/13/12 |
| JOHNNIE | MIDDLETON | | CHESAPEAKE | VA | 12/10/2012 |
| Pauline | Milams | | Millers Creek | NC | 11/21/12 |
| MURRAY | MILLER | | CANTONMENT | FL | 11/06/12 |
| LEVI | MILLER | | SOUTH BEND | IN | 12/13/12 |
| TIM | MISSLITZ | | VOLGA | SD | 10/24/2012 |
| DIANE | MOHLER | | COVINGTON | OH | 11/1/2012 |
| VALERIE | MOLLO | | CLIFTON | NJ | 11/10/12 |
| ALBERT | MOSLEY | | NORTHAMPTON | MA | 12/7/2012 |
| DAVID | MOYER | | BOYERTOWN | PA | 11/29/12 |
| LISETTE | MUNTSLAG | | POUGHKEEPSIE | NY | 10/11/2012 |
| MILDRED | MUOTH | | LAKE OSWEGO | OR | 11/2/2012 |
| RAYMOND | MYERS | | YORK | PA | 11/19/2012 |
| SATHISHKUMAR | NATARAJAN | | EDISON | NJ | 11/08/12 |
| MARY | NEAL | | LEBANON | TN | 10/13/2012 |
| Perri | Neal | | Colorado Springs | CO | 11/20/12 |
| RICHARD | NELSON | | MADERA | CA | 11/8/2012 |
| DONNA | NUGENT | | GLOUCESTER | MA | 12/6/2012 |
| JUSTEN | O'BRYANT | | VANCOUVER | WA | 12/13/12 |
| Godwin | Okeke | | Irvington | NJ | 12/13/12 |
| JUANA | OLGUIN | | EUREKA | CA | 12/8/2012 |
| ELIZABETH | OLGUIN | | EUREKA | CA | 11/29/12 |
| STEPHANIE | OLGUIN | | EUREKA | CA | 11/29/12 |
| ARDIS | OLSEN | | STARCUCK | MN | 12/03/12 |
| JOHN | OLVER | | DALLAS | TX | 10/26/2012 |
| CARLOS | ORTIZ | | TUSCON | AZ | 12/12/12 |
| VERONICA | PAPSON | | PHILADELPHIA | PA | 11/23/12 |
| PATRICIA | PARTIPILO | | HOPE MILLS | NC | 12/6/2012 |
| ROSHNI | PATEL | | EDISON | NJ | 10/10/2012 |
| BARBARA | PATT | | LEOMA | TN | 11/05/12 |
| PORTIA | PECCI | | PARSIPANNY | NJ | 11/28/12 |
| MATTIA | PELIZZOLA | | MILAN | ITALY | 10/26/2012 |
| Phillip | Pella | | San Lorenzo | CA | 11/26/12 |
| JANITZA | PEREZ | | COAMO | PR | 11/13/2012 |
| MARILYN | PEREZ | | LOS ANGELES | CA | 12/10/2012 |
| WALESKA | PEREZ | | SAN JUAN | PR | 12/8/2012 |
| MARGARET | PERSANS | | STATEN ISLAND | NY | 11/12/12 |
| JACQUELINE | PETERMEIER | | EDEN PRAIRIE | MN | 12/6/2012 |
| Stacey | Peterson | | Virginia Beach | VA | 12/13/12 |
| Mary | Pifer | | San Pedro | CA | 12/13/12 |
| PATRICIA | PINO | | FAUNSDALE | AL | 5/21/2012 |
| PAUL | POLIDORI | | CINCINNATI | OH | 11/09/12 |
| JOYCE | PRATER | | MAYNARD | AR | 10/30/2012 |
| EDWARD | PULSE | | CARO | MI | 10/19/2012 |
| JUDITH | PUTNAM | | PEMBROKE | NH | 11/9/2012 |
| JACK | PYATT | | CLANCY | MT | 11/06/12 |
| LADY MARY | PYG | | TOPEKA | KS | 11/03/12 |
| Hira | Qazi | | Burtonville | MD | 11/21/12 |
| BEVERLY | QUIMBY | | STOCKTON SPRINGS | ME | 12/5/2012 |
| JOHN | RADOSEVIC | | RIO RANCHO | NM | 10/29/2012 |
| SIRIA | RAMIREZ | | SHERMAN OAKS | CA | 10/30/2012 |
| JUANA | RAMIREZ | | MIAMI | FL | 10/29/2012 |

| FirstName | LastName | Name1 | City | State | OptOut |
|---|---|---|---|---|---|
| CLARA | RAMIREZ | | AUSTIN | TX | 11/24/12 |
| KATHRYN | RAYNOR | | STEVENS | PA | 12/3/2012 |
| DAMETRUS | REDD | | DETROIT | MI | 11/12/12 |
| LISA | REESE | | PITTSBURGH | PA | 10/29/2012 |
| Belva | Reese | | Bedford | TX | 12/10/12 |
| Faye | Reese | | Rosedale | NY | 12/10/12 |
| EDWIN | REEVES | | KANSAS CITY | MO | 12/13/2012 |
| JUNE | REMINGTON | | PARISHVILLE | NY | 10/30/2012 |
| KENNETH | RENALDO | | CENTRAL ISLIP | NY | 10/24/2012 |
| MAURINE | RICHARDS | | EVANSVILLE | IN | 12/13/2012 |
| BRENDA | RIOS PONCE | | PERRIS | CA | 11/07/12 |
| DAVID | RITCHIE | | FREDERICKSBRG | PA | 10/30/2012 |
| HECTOR | RIVERA-LOEZ | | CAGUAS | PR | 11/16/12 |
| SUSAN | RIZK | | PONTE VEDRA BEACH | FL | 10/29/2012 |
| FREDDIE | ROBINSON | | HOUSTON | TX | 12/3/2012 |
| PATRICIA | ROCKWELL | | PINE | AZ | 10/22/2012 |
| BRENDA | RODEFER | | WEST BEND | WI | 12/12/12 |
| ROBERT | RODONICH | | HOLLYWOOD | FL | 12/12/12 |
| SANTA L LUGO | RODRIGUEZ | | MAYAGUEZ | PR | 11/07/12 |
| RODOLFO | RODRIGUEZ | | REDONDO BEACH | CA | 11/06/12 |
| SUSANA | RODRIGUEZ | | MIAMI | FL | 11/23/12 |
| DEREK | ROGALSKY | | WASHINGTON | DC | 10/29/2012 |
| S Alan | Roll | | Smithville | TN | 11/19/12 |
| RICHARD | ROMPPEL | | ROCK ISLAND | WA | 11/06/12 |
| ELLEN | ROSA | | WILTON | CA | 11/13/12 |
| Teresa | Rosado | | Yonkers | NY | 12/11/12 |
| LEE | ROSSELL | | WESTMONT | NJ | 11/6/2012 |
| JESSE | RUFENER | | RITTMAN | OH | 10/30/2012 |
| Steve | Ruis | | San Rafael | CA | 12/13/12 |
| DONNA | RUTIGLIANO | | SLEEPY HOLLOW | TNY | 11/26/12 |
| BETTY | SAHARSKI | | ORLANDO | FL | 11/06/12 |
| JENNIFER | SAMPSON | | AURORA | IL | 10/27/2012 |
| MOHINDER | SANGHERA | | BURLINGTON | NJ | 11/28/12 |
| KALINDEE | SANT | | NEW YORK | NY | 11/29/2012 |
| CHRISTEEN | SAROKI | | WEST BLOOMFIELD | MI | 11/3/2012 |
| TROY | SAUNDERS | | ADELPHI | MD | 12/5/2012 |
| MARTHA | SAUNDERS | | BONDURANT | WY | 10/24/2012 |
| CLYDE | SAYLER | | SILVERDALE | WA | 10/20/2012 |
| DWAYNE | SCHAUBHUT | | DES ALLEMANDS | LA | 11/05/12 |
| RAYMOND | SCHMITT | | HICKORY | NC | 11/14/12 |
| LADARYL | SCOTT | | WOODBRIDGE | VA | 10/18/2012 |
| BETTY | SCOTT | | CONCORD | CA | 11/08/12 |
| MARY | SCOTTI | | PHILADELPHIA | PA | 10/22/2012 |
| MARLA | SELLAS MUNIZ | | TOA ALTA | PR | 11/13/2012 |
| NORMAN | SHAFFOR | | INDIANA | PA | 11/2/2012 |
| DAVID | SHAND | | PATERSON | NJ | 12/13/12 |
| ANU | SHARMA | | FAIRFIELD | CA | 11/1/2012 |
| LASCELLE | SHERRILL | | ATLANTA | GA | 10/17/2012 |
| GEORGE | SHIRLEY | | TERRELL | TX | 11/7/2012 |
| ANDREW | SHOENFELD | | BALTIMORE | MD | 10/30/2012 |
| FAYE | SHRODE | | KALISPELL | MT | 11/14/2012 |
| SANDRA | SHROUT | | DERWOOD | MD | 11/1/2012 |
| RETHA | SHUFFLEBARGER | | TOPEKA | KS | 12/10/2012 |

| FirstName | LastName | Name1 | City | State | OptOut |
|---|---|---|---|---|---|
| CHRISTINE | SIMPSON | | SANTA FE | NM | 12/1/2012 |
| ROBERT | SINGER | | BELLEVILLE | NJ | 10/26/2012 |
| JOSEPHINE | SKINNER | | BRIDGETON | NJ | 11/3/2012 |
| RUTH | SLAIR | | PITTSBURGH | PA | 11/14/2012 |
| CONSTANCE | SLAUGHTER | | RALEIGH | NC | 10/30/2012 |
| MATTIE | SMITH | | WESSON | MS | 10/20/2012 |
| KRYSTAL | SMITH | | ROCHESTER | IN | 11/2/2012 |
| ELIZABETH | SMITH | | BENTON | AR | 11/2/2012 |
| ALBALIS | SMITH | | ALPHARETTA | GA | 12/12/12 |
| Ann | Smith | | El Reno | OK | 11/19/12 |
| DEBORAH | SMITH | | HONEA PATH | SC | 12/12/12 |
| LARRY | SMITH JR | | POST FALLS | ID | 11/05/12 |
| MaeBelle | Smyth | | Kenbridge | VA | 12/13/12 |
| Dusty | Spencer | | Northpole | AK | 11/19/12 |
| LAURA | STAHL | | SEATTLE | WA | 12/12/12 |
| EVA | STALBRAND | | PHOENIX | AZ | 11/15/2012 |
| LUELLA | STOLLER | | WOOSTER | OH | 12/5/2012 |
| JAMES | STOLLINGS | | | WV | 11/21/12 |
| JUNE | STUDY | | REDKEY | IN | 10/20/2012 |
| RYAN | STURMA | | ALLSTON | MA | 10/31/2012 |
| ROBERT | SUTTER | | CLIFTON | NJ | 10/26/2012 |
| NUZHAT | SYED | | LAKE BALBOA | CA | 11/26/12 |
| ROSALYNN | SYLVAN | | W HOLLYWOOD | CA | 11/8/2012 |
| WYOMA | TAYLOR | | CASPER | WY | 10/24/2012 |
| GLADYS | TELLO | | ORLANDO | FL | 12/11/12 |
| ALTHEA | THANKSLEY | | DARBY | PA | 12/13/12 |
| SHEILA | THOMTHON | | NATRONA HGHTS | PA | 11/27/12 |
| STEVEN | TILMA | | GRAND RAPIDS | MI | 11/7/2012 |
| NANCY | TOWNE | | CAMBRIDGE | MD | 11/14/2012 |
| MARY | URBANSKI | | WARREN | PA | 11/08/12 |
| Mae | Uttard | | Coopersburg | PA | 11/20/12 |
| FRED | VAN ANTWERP | | VERO BEACH | FL | 11/13/2012 |
| Howard | Vaughn | | Sacramento | CA | 12/10/12 |
| SRIDEVI | VENKATASBRAMANIAN | | EDISON | NJ | 11/07/12 |
| RENATE | VERASTEGUI | | SPRING HILL | FL | 10/26/2012 |
| JOSE | VILLEGAS | | KISSIMMEE | FL | 11/29/2012 |
| DAISY | VIRGO-TAYLOR | | NEW YORK | NY | 10/24/2012 |
| MILLAKARJUNA | VISHWANATH | | TAMPA | FL | 11/08/12 |
| ALICE | WALKER | | CATAWISSA | PA | 11/1/2012 |
| NANCY | WALL | | RAINIER | OR | 10/31/2012 |
| XIAOJING | WANG | | WORCESTER | MA | 11/14/2012 |
| DARCY | WARREN | | HUBER HEIGHTS | OH | 11/05/12 |
| BRANDON | WEAVER | | DENVER | CO | 10/29/2012 |
| EVELYN | WEBB | | LORTON | VA | 12/8/2012 |
| ROBERT | WEBSTER | | MASON | IL | 10/30/2012 |
| JULIA | WEIGAND | | BARNESVILLE | PA | 10/25/2012 |
| MARY | WELSH | | GLEN BURNIE | MD | 10/12/2012 |
| RAYMOND | WHALEN | | MADISON | AL | 12/5/2012 |
| GARY | WHITE | | LAWRENCE | KS | 10/19/2012 |
| FLORENCE | WIDOWSKY | | UNION | NJ | 10/22/2012 |
| MARY | WILDHABER | | FREEBURG | MO | 11/29/2012 |
| FAY | WILLIAMS | | MOUNT CARMEL | IL | 10/15/2012 |
| AARON | WILLIAMS | | BEEVILLE | TX | 10/31/2012 |

| FirstName | LastName | Name1 | City | State | OptOut |
|-----------|----------|-------|------|-------|--------|
| ROBERT | WILLIAMS | | SANTA ROSA VALLEY | CA | 11/4/2012 |
| JAMES | WILSON | | CENTRE HALL | PA | 12/1/2012 |
| MARGARET | WINKLER | | RITTMAN | OH | 11/19/12 |
| JAMES | WOFFORD | | COMMERCE | GA | 11/16/2012 |
| ANNETTE | WOJCIK | | CHICAGO | IL | 11/07/12 |
| AMANDA | WOLFE | | WEST PEORIA | IL | 11/5/2012 |
| BETTY | WORK | | CITRUS HEIGHTS | CA | 11/8/2012 |
| DAVID | WRIGHT | | SALT LAKE CITY | UT | 11/27/2012 |
| Irene | Wychoff | | Wachington | DC | 12/11/12 |
| JOAN | ZEHRINGER | | BLOOMSBURG | PA | 10/23/2012 |
| MARTA | ZIOBRO | | SEATTLE | WA | 10/24/2012 |

# **<u>Exhibit B</u>**

December 13, 2012

In re Bank of America Credit Protection Marketing and Sales Practices Litigation,
Case No. 3:11-md-02269-TEH

Claim # 12903819        Pin # 3RTMQ3HC

To Whom it may Concern,

I object to anything less than full and complete reprisal for the unethical actions taken by FIA and B of A. For far too long Financial institutions have sought to take advantage of its customers in turn for profits. It is time they suffer the consequences for their actions and serve as an example to other institutions. We the claimants, deserve to be fully compensated and these Banks should be fully punished! These types of predatory practices affect middle class families financially and degrade trust in financial institutions.

For many years financial institutions have taken an unethical path knowing that the gains out weigh the risk. For example: This settlement is 20 million but how many millions did they make with the alleged " Credit Protection programs"? 50 million, 80 million? When this is all done they will have still made money off the backs of middle class families in an unethical manner! We must send a message to Financial Institutions and make these practices unprofitable, to discourage Banks from predatory practices in the future.

For these reasons, I OBJECT to anything less than full and complete pay out of the 20 million dollar settlement. After the lawyers are paid, the remaining money should be paid out to the claimants such that B of A and FIA retain none of these funds. It is important that they pay back more money than they took, other wise it is not a punishment and no real consequences for their actions.

Sincerely,

Sean J. Randall
*Last four of SS:* 5294
*DOB:* 9/19/1979

514 W. 211th st. 2e
New York, NY 10034

FIA Card ending: 1981
B of A Card ending:  (not sure)



**Bank of America
Class Action
Administrator**

**To:**     Bank of America Corporation's AND FID Card Services N.A's.

**From:**   Anthony T. Robinson

**CC:**     United States District Court for the Northern District of California  450 Golden Gate Avenue, Box 36060 San Francisco, CA 94102-3489;

Rachel German, Esq.  LIEFF CABRASER
HEIMANN & BERNSTEIN, LLP  250 Hudson
Street, 8th Floor  New York, NY 10013-1413

**Date:**   10/19/2012

**Re:**     Bank of America Credit Protection Marketing & Sale Practices Litigation, Case –md00269-TED, Settlement. ACCOUNT # **BACP1-12019842-8**

---

To Whom It May Concern:
I was enrolled in the Credit Protection Program between January 1, 2006 and July 17, 2012; Associated account number 4305-5001-5490-1069, this was offered by Bank of America. During that time the after completion of the assigned application, and allowing EFTS deduction to pay the levy fee for the Protection offered. I kept records of the associated billing company withdrawal on a regular mouthy payment, through my account with Bank of America Via transferred deduction to assure this line of security. But unfortunately when I was in need of the safeguards' that the Credit Protection program was clearly promoted and pledge too provided in detail, I was excluded from all benefits of the program. As a customer or improperly denied benefits requests, several written request had been sent to my local Bank of American Branch, located at10 North Main Street, Fall River, MA 20720 (508) 730-2556, with no direct response to this strongly promoted Insurance program, by Banks of America service representatives, to me the consumer several third party company number were given with on clear answers.

After I was lay off and was unable to continue timely payments of each monthly balance, unfortunately I went into default with Cards Services and into collection filings. For the duration of this time I could not get any direction to the safeguard processes that I believed I had obtained. The monthly fees associated kept me at a juncture where only minimum balance was being paid, but the principal balance was not met. I was unable to keep up with other payment that I previously had no history of overdue payments regarding, such as, Auto loan, and home utilities, were affected...I was trying to make sure that Bank of America received the minimum amount due each month without accruing additional fees.

I believe in Bank of America's Credit Protection would be there when I needed It, to assure and protect my credit history, my economic future, and it was not. I lost my Car, had to movie back with my parents, all because I chose to obtain an Bank of America Credit card with a small limit of Two Thousand $2,000.00, that alternately cost me Seven Thousand $7,000.00 for a car, I was able to continue payments on, the unwarranted score of a repossession by my lender, even those I returned the automobile.

I also continued make scheduled payment to Bank of America pay off the cards fee's late fees, and other accessed costs, at a total amount of Forty six Hundred dollars $4,600.00. Is all begun as a Two thousand $2,000.00 credit limit to develop my future financial history, I was misled during difficult times

By Anthony T. Robinson

and hold Bank of America and its Associates responsible for many of the issues that still are listed on my credit reports.

I believe that the appropriate amount of compensation, as it concerns me is $ **13, 600.00** which would cover all fees and losses obtain.

**Please response to the following**

**Anthony Robinson S.S # 5409**
**D.O.B 10-21-1971**
**1 Olmsted way # 109**
**PROVIDENCE Rhode Island 02904**

**Work#: 1-401-528-1737**
**Other #: 1-508-415-4792**

**arobinson@rilin.state.ri.us**



## State of Rhode Island
### HOUSE OF REPRESENTATIVES
### OFFICE OF HOUSE POLICY

**ANTHONY ROBINSON**
*Policy Analyst*

Room B-07, State House
Providence, Rhode Island 02903

Bus: 401.528.1737 ext. 277
Fax: 401.222.2930
arobinson@rilin.state.ri.us

PROVIDENCE RI 028

19 OCT 2012 PM4 L



RECEIVED
OCT 2 2 2012
LIEF CABRASER, HEIMANN & BERNSTEIN LLP

Rachel German, Esq.
LIEFF CABRASER
Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413

10013141413 C310

# Exhibit C

1          UNITED STATES DISTRICT COURT

2      WESTERN DISTRICT OF WASHINGTON AT SEATTLE

3   _____

    MARK A. ARTHUR, CIRILO      )
4   MARTINEZ, PARI NAJAFI and   )
    HEATHER MCCUE on behalf of  )
5   themselves and all others   )  NO. C10-198JLR
    similarly situated,         )
6                               )  SEATTLE, WASHINGTON
            Plaintiffs,         )  SEPTEMBER 14, 2012
7                               )
    v.                          )
8                               )
    SALLIE MAE, INC.,           )  MOTION HEARING
9                               )
            Defendant.          )
10  _____

11          VERBATIM REPORT OF PROCEEDINGS
         BEFORE THE HONORABLE JAMES L. ROBART
12          UNITED STATES DISTRICT JUDGE
    _____

13  APPEARANCES:

14   For Plaintiffs:     MR. JONATHAN D. SELBIN
                         MS. BETH E. TERRELL
15                       MS. ALISON STOCKING
                         MR. MATTHEW R. WILSON
16

17   For Defendant:      MS. JULIA B. STRICKLAND
                         MS. LISA M. SIMONETTI
18                       MR. ERIC D. REICIN

19   For Intervenor      MR. DARRELL PALMER
     Judith Harper and   MR. BRIAN J. TRENZ
20   Objectors Sweeney
     and McBean:

21

22   Reported by:        Kari McGrath, CCR, RMR, CRR
23                       Federal Court Reporter
                         206.370.8509
24                       kari_mcgrath@wawd.uscourts.gov

25

PROCEEDINGS

_____

1

2

3          THE COURT:  Please be seated.  The clerk will call

4    this matter.

5          THE CLERK:  Case C10-198, Mark Arthur versus Sallie

6    Mae.

7       Counsel, please make your appearances.

8          MR. SELBIN:  Good afternoon, Your Honor.  Jonathan

9    Selbin from Lieff Cabraser Heimann & Bernstein on behalf of

10   plaintiffs and the proposed class.

11         THE COURT:  Thank you.

12         MS. TERRELL:  Good afternoon.  Beth Terrell from

13   Marshall Daudt & Willie on behalf of plaintiffs and the

14   proposed class.

15         MS. STOCKING:  Good afternoon.  Alison Stockins,

16   Lieff Cabraser Heimann & Bernstein on behalf of the

17   plaintiffs and proposed class.

18         MR. WILSON:  Good afternoon, Your Honor.  Matt Wilson

19   from Meyer Wilson on behalf of plaintiffs and the proposed

20   class.

21         MS. STRICKLAND:  Good afternoon, Your Honor.  Julia

22   Strickland from Stroock & Stroock & Lavan on behalf of

23   defendant Sallie Mae.

24         THE COURT:  Thank you.

25         MS. SIMONETTI:  Good afternoon, Your Honor.  Lisa

1    Simonetti, Stroock & Stroock & Lavan, on behalf of defendant

2    Sallie Mae.

3            MR. REICIN:  Good afternoon.  Eric Reicin, deputy

4    general counsel for Sallie Mae.

5            MR. PALMER:  Good afternoon, Your Honor.  Darrell

6    Palmer on behalf intervenor Judith Harper and objectors

7    Sweeney and McBean.

8            MR. TRENZ:  Good morning, Your Honor.  Brian Trenz on

9    behalf of intervenor Judith Harper.

10           THE COURT:  Counsel, there are four matters before me

11   today, and I'm going to take them in the order that makes

12   sense to me, which will be, first, to take up Docket 251,

13   which is the motion for revocation of court's order granting

14   admission pro hac vice to Darrell Palmer.  That will be

15   followed by Docket 232, motion for attorneys' fees filed by

16   intervenor Judith Harper.  Third will be Docket 219, motion

17   for final approval of amended class action settlement.  And

18   then last will be the motion for attorneys' fees and costs

19   and service awards in connection with the amended class

20   action settlement.

21       I will tell you that I will definitively rule on the

22   motion for revocation.  I will definitively rule on

23   Ms. Harper's motion for attorneys' fees.  I will give you my

24   oral indication of granting or denying the motion for final

25   approval of class action settlement, and the motion for

1    attorneys' fees and costs.  Those will be confirmed by a

2    written order which will have further detail to it.  So that

3    will be our schedule for the day.

4        Mr. Palmer, why don't you go to the podium, since I would

5    like to hear from you.  Mr. Palmer, you filed in connection

6    with this matter a declaration of Darrell Palmer in support

7    of Ms. Harper's motion for award of attorneys' fees and

8    costs, and it's in the form of a declaration of some six

9    pages, signed under penalty of perjury.

10        Is there anything in that declaration that you want to

11   change before I rule on the motion?

12           MR. PALMER:  This is the declaration in connection

13   with the application for attorneys' fees, Your Honor?

14           THE COURT:  Yes.

15           MR. PALMER:  I don't have that in front of me.  I

16   couldn't answer that question at this time.

17           THE COURT:  Well, you signed it under penalty of

18   perjury.

19           MR. PALMER:  Yes.

20           THE COURT:  And you reviewed it before you signed it?

21           MR. PALMER:  Yes.

22           THE COURT:  You believed everything in it was true at

23   that time?

24           MR. PALMER:  I believe so.

25           THE COURT:  All right.  Well, this is my issue then:

1   Paragraph 5, quote, "I notified the court of the foregoing

2   deficiencies during the December 17, 2010, conference call

3   between the court and all counsel.  As a result, the court

4   ordered that class and defense counsel look into the

5   'missing' class members and report back to the court

6   immediately.  The district court also extended all deadlines

7   for the settlement."

8       Do you have any reason to believe that that isn't your

9   account of what happened?

10          MR. PALMER:  This was for December of 2010?

11          THE COURT:  December 17, 2010.

12          MR. PALMER:  I don't think I was -- I don't think I

13  participated in that call, Your Honor.

14          THE COURT:  I don't think you did either.  First off,

15  there was no call.

16          MR. PALMER:  Right.

17          THE COURT:  It was a court hearing.

18          MR. PALMER:  Right.

19          THE COURT:  You didn't show up.  You didn't speak.

20          MR. PALMER:  Correct.

21          THE COURT:  How can you tell me, "I notified the

22  court of the foregoing deficiencies during the December 17,

23  2010, conference call"?

24          MR. PALMER:  Well, I think it's either an error in

25  the date, or it's referring to the objections that we filed.

1      THE COURT:  "I notified the court of the foregoing

2  deficiencies during the December 17, 2010, conference call."

3  That is a flat-out statement, sir.

4      MR. PALMER:  Yes.

5      THE COURT:  Is it true?

6      MR. PALMER:  There was no call, that I recall.

7      THE COURT:  In your declaration, you state, "I am the

8  lead partner at the Law Offices of Darrell Palmer."  That

9  could be good, since it's named after you.  And apparently

10 you have a Kira Rubel, senior associate, who is mentioned on

11 page 4 --

12     MR. PALMER:  Correct.

13     THE COURT:  -- as having worked 272 hours in this

14 matter.

15     MR. PALMER:  That's right.

16     THE COURT:  And in pleadings which she has filed with

17 this court, it lists her as having applied for and been

18 granted pro hac vice status.

19     MR. PALMER:  That would be incorrect.  She has not

20 yet applied for pro hac vice status in this court.

21     THE COURT:  Then why is she signing pleadings

22 submitted to this court?

23     MR. PALMER:  I think the one pleading that she

24 signed, as I recall, was done at a time when I was

25 unavailable to sign it.

1     THE COURT:  Is it a regular practice in your law firm

2  to have someone engage in unauthorized practice of law by

3  signing pleadings in courts where they are not admitted?

4     MR. PALMER:  No, sir.

5     THE COURT:  All right.  You may be seated.  Thank

6  you.

7     The ruling of this court will be as follows:  Plaintiffs

8  move the court to revoke Darrell Palmer's pro hac vice

9  admission on the grounds that he made a false statement in

10  his pro hac vice application.

11     My colleague, Judge Coughenour, on August 17, 2012, denied

12  Mr. Palmer's pro hac vice application for the reason of

13  containing the same false statement and, secondly, because,

14  in part, Mr. Palmer blamed his assistant for the error.

15  Those of us who know Judge Coughenour well know that that

16  would never be a good idea.

17     Mr. Palmer represents that it was an innocent mistake on

18  his part in connection with his application in this matter,

19  and has submitted an amended application that corrects the

20  false statement.  He also takes full responsibility for the

21  error, while stating, quote, "Mr. Palmer's office made an

22  inadvertent error."

23     It is undisputed that Mr. Palmer made a false statement in

24  his pro hac vice application.  He declared under penalty of

25  perjury that he had, quote, "not been disbarred or formally

1  censured by a court of record or by a state bar association;

2  and there are no disciplinary proceedings against me," in the

3  record at Docket 97.

4       In fact, Mr. Palmer was temporarily suspended from the

5  Colorado Bar Association, the State Bar of Arizona, and the

6  State Bar of California as a result of a Colorado felony

7  conviction in the 1990s.

8       Pursuant to Western District of Washington Local

9  Rule 2(f)(3), an attorney may be subject to disciplinary

10 action for violation of the Standards of Professional

11 Conduct, including the Federal Rules of Civil Procedure.

12      Under Federal Rule of Civil Procedure 11, an attorney's

13 signature on a court filing certifies that to the best of the

14 person's knowledge, the facts presented in the documents have

15 evidentiary support, Federal Rule of Civil Procedure

16 11(b)(3).

17      Here, Mr. Palmer improperly certified and declared under

18 penalty of perjury that he did not have a disciplinary

19 history.  As such, he violated the Standards of Professional

20 Conduct set forth in the local rules and is subject to

21 disciplinary action.

22      Mr. Palmer attempts to mitigate his error by

23 distinguishing the cases cited by plaintiff, explaining that

24 he was temporarily disbarred for conduct unrelated to the

25 practice of law, asserting that he meets the standards for

1  pro hac vice application in this district, taking

2  responsibility for his error, contending that his work

3  substantially benefitted the class, and maintaining that

4  plaintiffs have bad motives for bringing this action.

5      I have not conducted an independent investigation into the

6  Colorado Bar Association action, or Colorado conviction, and

7  I don't know if it was a disbarment or a suspension.  But

8  everyone seems to describe it as either one or the other of

9  those.

10          MR. PALMER:  So the record is clear, it was a

11  suspension, Your Honor.

12          THE COURT:  Please don't interrupt me, sir.  You are

13  in enough trouble already.

14      This misses the point that it is a civil rule violation

15  under Rule 11, not Mr. Palmer's suspension, that is at issue

16  in this matter.  I really don't want to know about the facts

17  of the underlying proceeding.  We will assume, since

18  Mr. Palmer is an officer of the court, that it was an

19  inadvertent problem.

20      However, in this matter, the conduct is unacceptable.

21  Mr. Palmer was alerted to the problem when his pro hac vice

22  application in Judge Coughenour's case was challenged.  That

23  was on October 10, 2012 (sic).  Mr. Palmer did not

24  immediately raise and seek to correct the same mistake in

25  this case.  In fact, plaintiffs waited ten days before filing

1  their motion to give Mr. Palmer time to raise and correct the

2  issue.

3     Mr. Palmer did not file an amended pro hac vice

4  application until August 27, 2012, a full 17 days after being

5  notified of the problem.  This does not demonstrate candor

6  with the court or that he took seriously the fact that he

7  made a false statement under oath.

8     Additionally, Mr. Palmer has apparently submitted false

9  pro hac vice applications in at least three other cases.  As

10  a final note, the false statement in the pro hac vice

11  application is not the only misrepresentation Mr. Palmer has

12  made to this court.  It is impossible to reconcile a

13  declaration submitted to this court under penalty of perjury,

14  dated May 17, 2012, with the court record.  And Mr. Palmer

15  has now acknowledged that it is incorrect.  That serves as

16  the basis for his fee application in this matter.

17     As will be further discussed today, Mr. Palmer made

18  several other misrepresentations in his motions for

19  attorneys' fees.  These misrepresentations confirm my

20  conclusion that the court sanction Mr. Palmer by revoking his

21  admission in this case.  Therefore, Docket 251 is granted,

22  and Mr. Palmer's pro hac vice is revoked.

23     Let me then take up next the question of the motion for

24  attorneys' fees by Judith Harper.

25     I'm not having argument, counsel.  I'm ruling from the

1    bench.

2         MR. TRENZ:  I apologize.

3         THE COURT:  Are you admitted?

4         MR. TRENZ:  Yes, Your Honor, I am.

5         THE COURT:  Good.  I'm glad to hear we got one right.

6      Under certain circumstances, attorneys for objectors may

7    be entitled to attorneys' fees from the common fund.

8    Objectors may claim the entitlement to fees on the same

9    equitable principle as class counsel when their objections

10   result in an increase to the common fund or otherwise

11   substantially benefit the class.

12     Where objectors do not add any new legal argument or

13   expertise and they do not participate constructively in the

14   litigation or confer a benefit on the class, they are not

15   entitled to an award premised on equitable principles, the

16   *Rodriguez versus Disner* case, 688 F.3d 645-658, Ninth

17   Circuit, 2012.

18     Ms. Harper seeks an award of $1,116,250 in attorneys'

19   fees, $7,805.04 in costs, and a $3,000 service award.

20   Ms. Harper arrives at the approximately $1.1 million fee

21   award by taking 25 percent of $4.65 million, representing the

22   increase in the value of the fund after the additional class

23   members were discovered.  Under the lodestar cross-check, she

24   requests a multiplier of 4.51.  She maintains that the

25   requested fees are warranted because her actions directly

1    resulted in this benefit to the class.

2        Ms. Harper's counsel asserts that their actions resulted

3    in the following benefits to the class:  Number one, during a

4    December 17, 2010, conference call, they notified the court

5    of their fear that the parties had effectively left out a

6    portion of eligible class members from the original notice.

7    That is found in the Harper fee motion at page 2.

8        Mr. Palmer specifically states in his declaration, "I

9    notified the court of the foregoing deficiencies during the

10   December 17, 2010, conference call between the court and all

11   counsel.  As a result, the court ordered that class and

12   defense counsel look into the 'missing' class members and

13   report back to the court immediately."  Palmer declaration,

14   which is found in the docket at 232-1, paragraph 5.

15       Ms. Harper's counsel does assert that their observation

16   directly resulted in over 3 million additional class members

17   being discovered.  We now know, as has been admitted by

18   counsel today, that those statements are false.

19       Second, they identify the fact that the original

20   settlement agreement did not provide monetary benefit to

21   class members who were 180 days or more delinquent but who

22   had since paid off their debt, in the Palmer declaration at

23   paragraph 4.  They identified the fact that "charged-off"

24   class members were not provided monetary relief, Palmer

25   declaration at paragraph 4.

1   They identified the issue in the original settlement that,

2   although the lawsuit complained only of the statutory

3   violations committed by Sallie Mae, the settlement included

4   all released parties, Palmer declaration at paragraph 4.

5   The settlement agreement addressed the following

6   deficiencies identified by Ms. Harper's counsel:  Clearly

7   identifying the fact that the settling defendants included

8   all released parties; permitting monetary recovery to those

9   who were over 180 days late in making payments but who have

10  since paid off their debt; three, ensuring that all class

11  members received adequate notice of the settlement; and,

12  four, increasing the common fund to reflect the increase in

13  class membership.

14  Finally, they claim the court instructed the parties to

15  revise the revocation form in accordance with Ms. Harper's

16  counsels' suggestion prior to making it available to the

17  class.

18  Despite Ms. Harper's counsels' contention, they did not

19  directly add to the discovery of additional class members.

20  Sallie Mae's Rule 30(b)(6) deponent, Michael Walter,

21  testified that Sallie Mae realized its error after internal

22  counsel asked Mr. Walter to research a Sallie Mae borrower's

23  account and see if they were on the original notice list and

24  found that they were not on that list.

25  Mr. Walter further testified that Sallie Mae discovered

1   additional class members who were omitted from the original

2   notice when internal counsel asked Mr. Walter to research a

3   borrower that had a potential lawsuit with Sallie Mae.

4   Plaintiffs have submitted persuasive evidence that neither

5   Ms. Harper nor her counsel had anything to do with the

6   discovery of the additional class members.

7       As we have already discussed, Mr. Palmer makes the bald

8   assertion, in fact, a statement, in his declaration that he

9   notified the court of the deficiencies during a nonexistent

10  December conference call.  As a result, the court was

11  supposed to have ordered the class and defense counsel look

12  into class members.

13      The transcript of the December 17, 2010, in-court hearing

14  indicates that Mr. Palmer did not speak at all during the

15  hearing, and the court did not order the parties to

16  investigate any, quote, "missing," unquote class members.

17      Instead, it shows Mr. Dashiak, not Mr. Palmer, on behalf

18  of objectors McSweeney, Heath, and McBean, asserted that no

19  notice had been sent to class members in relationship with

20  affiliates or subsidiaries of Student Loan Marketing,

21  including Arrow Financial.

22      Counsel for Sallie Mae responded that notice had been sent

23  to these class members.  Counsel did not at that time know of

24  the additional class members.  In short, Ms. Harper's counsel

25  did nothing that resulted in the discovery of the additional

1    class members.  Furthermore, class counsel, not Ms. Harper's

2    counsel, negotiated the additional $4.65 million in the fund,

3    and are therefore responsible for that added benefit.

4         Ms. Harper's counsels' contention that they added a

5    substantial benefit to the class by identifying the fact that

6    "charged-off" members are not provided monetary relief and

7    identifying the issue that the settlement included all

8    released parties is unavailing.  The court rejected

9    Ms. Harper's objection regarding the "charged-off" class

10   members, and there is no indication that any change between

11   the original settlement and the amended settlement relating

12   to the released parties added any benefit to the class.

13        Further, Ms. Harper's counsel makes yet another

14   misrepresentation when they asserted that the court

15   instructed the parties to revise the revocation request form

16   in accordance with counsel's suggestion.  The court did no

17   such thing.  See the court's order of January 10, 2012, at

18   page 20.

19        The only benefit that Ms. Harper's counsel provided to the

20   class was pointing out that the original settlement did not

21   provide a monetary benefit to class members who were 180 days

22   or more delinquent but who had since paid off their debt.

23   This was a suggestion adopted by the parties in the amended

24   settlement, and it has provided a benefit to those class

25   members who are now able to receive a cash award.

1   Nevertheless, there is insufficient evidence in the record

2   for the court to conclude that this suggestion resulted in a

3   substantial benefit to the class so as to warrant attorneys'

4   fees.  For example, there is no evidence regarding how many

5   class members will benefit from this change.  As such, it

6   does not warrant any award of attorneys' fees and costs.

7        There are additional factors, counsel, against awarding

8   attorneys' fees and costs to Ms. Harper's counsel.  First of

9   all, many of their motions since the motion to intervene have

10  been rejected by the court, suggesting that the actions were

11  to disrupt and delay, which is consistent with the fact that

12  Mr. Palmer is a, and I'll use the phrase "professional" not

13  in any favorable sense, objector.  I believe that he has

14  previously been labeled that by one of my colleagues.

15       Second, counsel has made at least three misrepresentations

16  to the court in their motions for attorneys' fees, in

17  addition to the false statement on the pro hac vice

18  application.

19       Finally, the motion for attorneys' fees, a very

20  significant document, is signed by Kira Rubel, who represents

21  to the court that she is admitted pro hac vice, in addition

22  to Mr. Palmer, who now says that he wasn't there.  Ms. Ruble

23  has not been admitted pro hac vice.  Therefore this is

24  another misrepresentation.

25       Finally, even if the court deems it appropriate to make

1   some award of attorneys' fees here, Ms. Harper's counsel

2   bears the burden of documenting the appropriate hours and

3   providing support for those hours and the hourly rate.  And

4   her support is far too bare-boned and inadequate to satisfy

5   this burden.

6       Finally, it is highly questionable whether Ms. Harper even

7   has standing in this action.  Although Ms. Harper has

8   testified and presented declarations that she received 40 to

9   50 calls from Arrow Financial on her cell phone in violation

10  of the TCPA, Sallie Mae has presented a declaration that

11  Arrow Financial only has records of calling Ms. Harper's home

12  and fax lines.

13      Consistent with the findings in other judicial districts,

14  based on the submissions of the parties, the court finds

15  Sallie Mae's declaration has more credibility than Ms. Harper

16  for the following reasons:

17      Ms. Harper has not produced phone bills establishing the

18  alleged calls, even though Sallie Mae has requested them and

19  that would definitively resolve the matter in her favor; two,

20  Ms. Harper has made a false statement in a declaration that

21  she received a voicemail on December 3, 2010, when in fact

22  she received that voicemail in December 2008, paren, she now

23  claims this was simply a mistake, but it was once again in a

24  declaration submitted to the court; and, finally, Arrow

25  Financial has records that indicate it made a call to

1   Ms. Harper's home number on December 3, 2008, at the precise

2   time of the voice message Ms. Harper contends was left on her

3   cell phone.

4        For these reasons, I would resolve any factual disputes

5   regarding Ms. Harper's standing in favor of Sallie Mae, and

6   do not believe that she has standing in this matter.

7        Because Ms. Harper's counsel has not established their

8   entitlement to an attorneys' fee award, there is no reason to

9   award Ms. Harper a service award of $3,000.

10       In sum, the court denies Ms. Harper's motion for

11   attorneys' fees, costs, and a service award.

12       We will now turn to the third motion, which is the motion

13   for final approval of the amended class action settlement.  I

14   will hear from the plaintiffs first.

15            MR. SELBIN:  Thank you, Your Honor.  May it please

16   the court.  Jonathan Selbin, Lieff Cabraser Heimann &

17   Bernstein, on behalf of plaintiffs in the proposed class.

18       I know the court knows the history of this case

19   intimately.  I'm not going to walk through that history or

20   all of the aspects of the settlement.  I'm going to very

21   briefly summarize a few points, and then I'm happy to answer

22   any questions the court may have, if that's acceptable.

23            THE COURT:  Do your summary.  I would like to hear

24   you address by category the objectors.

25            MR. SELBIN:  Okay.  I can do that, Your Honor.  Very

1    briefly, to focus on the summary for a moment, we think this

2    is an outstanding settlement.  We recognize it's been

3    somewhat of a long road to get from there to here.  But we're

4    here, and we think it's time to bring this case to an end.

5        We are proud to present this settlement to the court for

6    its final approval.  It provides core relief to all 8 million

7    class members, all of whom had the right -- many of whom

8    exercised the right to stop the phone calls that were at

9    issue here and to do so by the submission of a very simple

10   form.  Some 100,000 -- just shy of 100,000 individuals

11   elected that remedy.

12       In a case about statutory damages, in other words, no

13   actual injury, no personal injury, no property damage, no

14   economic loss even, a case about statutory damages, Sallie

15   Mae is paying $24.15 million.

16       There is a declaration in front of Your Honor from the

17   claims administrator, Jennifer Keough, with all of the final

18   claims data in it.  And it provides that, based on the claims

19   that they've processed and all the information they have,

20   they estimate that the class members will receive somewhere

21   between $110 and $120 each.  The best bet is something like

22   $116 each.  I know that was an issue of concern for Your

23   Honor back in December of 2010, what those numbers would look

24   like.  We noticed the class at $20 to $40, to be on the

25   conservative side.  In fact, the payoff is going to be about

1    $116 each.

2       Direct notice -- individual direct notice was provided to

3    almost 95 percent of the class.  This isn't a case where we

4    have to worry that class members didn't get notice.  This

5    wasn't a publication notice case.  This was a case where we

6    knew the names and addresses and e-mail addresses of just shy

7    of 95 percent of the class.  Most of those people got notice

8    twice as a result of the original settlement and the amended

9    settlement.

10      The overwhelming class member response has been positive.

11   The numbers are in front of Your Honor.  But just to walk

12   briefly through them, we've had 163,250 individual, unique

13   claims filed.  We've had 99,860 revocation requests

14   submitted.  A total of 171,263 unique individuals have chosen

15   to participate in one form or the other.  So there's a lot of

16   overlap in those numbers.  But it's a total of 171,263

17   individuals.  We've had 35 objectors that were set out in 28

18   total objections.  But there were 35 individual class members

19   who objected.  We've had 395 opt-outs.

20      We've had no state Attorney General objections, as Your

21   Honor may be familiar with these days, under CAFA, because we

22   send out a notice to all the state AGs.  And I think that was

23   accomplished here on three occasions as a result of various

24   changes that took place.  And many of those state AGs are

25   typically very active these days.  They are heard from in

1   cases where they see a problem.  We have had no objections or

2   even calls or concerns from any state's Attorney General

3   about this settlement.

4       Most of the objections, Your Honor -- I can walk through

5   them more specifically, but the overwhelming majority of them

6   are of the "The settlement could have been more money"

7   nature.  We think the case law is pretty clear as to why

8   that's not a valid generic objection to make.

9       Your Honor asked us to brief, and we did brief, on

10  preliminary approval, after the initial denial of preliminary

11  approval, the comparison of the value of the settlement to

12  the potential damages.

13      And as we walk through there, Your Honor, it's hard to

14  come up with numbers here that's less than billions and

15  billions of dollars, if we were to win the case at the end of

16  the day and maintain it on appeal and go all the way up.

17      That's part of the problem with these cases, frankly, is

18  that they are statutory damages cases, where the numbers get

19  very large very quickly, to the point that they would be

20  annihilating damages for many of these defendants, which of

21  course would give the defendant every incentive to litigate

22  all the way up as far as they could for as many years as they

23  could.  And I think they would tell you it raises due process

24  issues for them.

25      So it's not a case where we can say the class has suffered

1    X million dollars in actual damages, and we recovered some

2    percentage of that.  To some degree, the dollars recovered

3    have to be looked at as whether it's a reasonable amount of

4    money to pay to this class based on how much each class

5    member is getting.

6        And as I indicated, for a case involving statutory damages

7    only, the $115, $116 class members will get, in conjunction

8    with the core prospective relief, we think is more than

9    adequate and reasonable.

10       A few of the specific objections, Your Honor, you've

11   addressed many of them in your preliminary approval order,

12   actually, it's Docket 206, in which you denied preliminary

13   approval, but you analyzed many of the objections and

14   overruled them at that time and ordered us to go back and fix

15   a couple of notice issues.

16       The issue of the allocation regarding "charged-off" class

17   members, the fact that no money is allocated to "charged-off"

18   class members, Your Honor addressed that at length in

19   Docket 206, at pages 21 through 23.

20       The short answer is, as the Ninth Circuit said in the *Mego*

21   litigation, it is appropriate to allocate no damages to class

22   members who have significantly weaker claims, so long as

23   there is a principled basis for doing so.  We explained those

24   principled bases, and the court has already adopted those in

25   its previous findings.

1    We've briefed the various issues relating to the

2  revocation form.  I'm not sure Your Honor needs to hear about

3  those again.  There is talk about the prospective relief and

4  whether it's meaningful.  Obviously, that's the central issue

5  in this entire case, is whether Sallie Mae is entitled to

6  make these phone calls or not.

7    To suggest that requiring people to go and check a form

8  and say, "Stop calling me," is somehow an illusionary relief

9  is just not accurate.  And the court made that finding

10  already as well.

11    So I don't know if Your Honor needs to hear about any

12  other specific objections.  I'm prepared to address them if

13  you need to.

14         THE COURT:  No, that's fine.  Thank you.

15         MR. SELBIN:  Thank you, Your Honor.

16         THE COURT:  Ms. Strickland, are you speaking on your

17  side?

18         MS. STRICKLAND:  Your Honor, I am speaking on our

19  side.  But, candidly, I have very little to add, unless Your

20  Honor has specific questions.

21         THE COURT:  I don't.

22         MS. STRICKLAND:  Thank you.

23         THE COURT:  All right.  As I indicated, I am taking

24  that one under advisement.  Counsel, you should be aware

25  that, unless I see something in the final order that changes

1    my mind, I will be approving the settlement.

2        Let's go then to the motion for attorneys' fees, costs,

3    and service award.

4            MR. SELBIN:  Thank you, Your Honor.  Jonathan Selbin

5    again.  Very briefly here, Your Honor is aware that we are

6    seeking a fee out of the common fund here.  This is not a

7    lodestar multiplier fee situation.  Although, of course Your

8    Honor is required to engage in that as a cross-check on the

9    common fund.

10       I know Your Honor knows the benchmark of the Ninth Circuit

11   is 25 percent.  We are seeking below the benchmark in this

12   case.  By one measure, we're seeking 20 percent of the

13   24.15 million.  It actually is about 19 percent, because

14   we're not seeking the 20 percent plus costs; we're seeking

15   the 20 percent with the costs included.  So if you walk

16   through the math, it ends up being 19 percent, approximately,

17   of the total fund.

18       In terms of the lodestar cross-check, the multiplier,

19   we're seeking -- and this is on time just through April 30,

20   2012, which is the cutoff date we used.  There's obviously

21   been substantial additional time, and will be substantial

22   additional time as we oversee the mailing of the claims --

23   the claims processing and the mailing of the checks.

24           THE COURT:  What do you estimate that substantial

25   time will be?

1      MR. SELBIN:  Over time?  You know, Your Honor, it's

2   been --

3      THE COURT:  Since the application was filed.

4      MR. SELBIN:  Oh, since the application.  You know,

5   Your Honor, we could run those numbers for you, if you would

6   like them.  I don't even have a ballpark sense.  It's all

7   been surrounding the final approval papers and responding to

8   the various motions from the Harper counsel and those sort of

9   things.  I don't -- I can't represent to the court what that

10  number is.

11     THE COURT:  Would you say that it's under 400 hours?

12     MR. SELBIN:  Oh, I think it's probably under

13  400 hours.  I think that's probably right, Your Honor.  In

14  terms of how much more time we will have to devote, I do know

15  from experience that there will be many additional hours in

16  overseeing the work of the Garden City Group, who is

17  administering the claims program, assisting class members.

18  We get class member calls all the time, and we work very

19  closely with class members to help them through the process.

20     So there will be additional time.  Again, it's not

21  possible to really quantify that, other than to say that that

22  amount of time as well will further reduce the lodestar

23  multiplier.

24     But as of April 30, 2012, the multiplier was 2.59.  In

25  terms of a cross-check multiplier, that's a very reasonable

1    multiplier.  If we were seeking an award just on our lodestar

2    under that method, we think that would be a reasonable

3    multiplier.  But certainly as a cross-check, it's well within

4    the range of 1 to 4, which the Ninth Circuit has said is the

5    typical multiplier in these sorts of situations.  And we

6    think it's justified.

7         In terms of -- and I can walk through the additional

8    factors, but it's all in our briefs, so I --

9              THE COURT:  Well, let me ask you my question.

10             MR. SELBIN:  Sure.

11             THE COURT:  If I were to ask you to give yourself a

12   grade on your handling of this litigation, what grade would

13   you give?

14             MR. SELBIN:  That's a fair question, Your Honor.  And

15   I've actually thought quite a bit about that and gone back

16   and looked over the history of this case.  And as I look back

17   over the history of this case, we made one mistake very early

18   on, which was that we put the wrong date on the notice, the

19   date by which we were going to post our fee application on

20   the settlement website.  And that, Your Honor, found under

21   *Mercury Interactive*, required a re-noticing, for which we

22   took responsibility.

23        And so that mistake was an initial hiccup that was

24   resolved very quickly.  And so I think that, looking over the

25   whole case, I would give us probably an A minus.  I think our

1    one mistake was that initial mistake.  And other than that,

2    there have been hiccups in the litigation, but they haven't

3    been of our making.

4        So Sallie Mae found additional class members on two

5    different occasions, and that required us to go back and

6    negotiate a new settlement on two different occasions.

7            THE COURT:  Well, let me stop you, because I can't

8    accept the A minus.  Mr. Palmer was responsible for me having

9    to go read that December court transcript.  And I found you

10   standing at that very podium -- I think you were wearing a

11   different tie -- saying, "Judge, this is all just fine.

12   We're working through a couple loose details here, but sign

13   the settlement.  Give approval."  And what I hear, counsel,

14   is, "We've invested enough in this case.  Get us paid."  And

15   if I had done so at that time, we would have missed a

16   substantial portion of this class.

17       And, frankly, I don't think the lawyering has been very

18   good in this case.  So, I mean, help me understand why you

19   give yourself an A minus, when we have had what you describe

20   as hiccups, but what I would describe as falling off the

21   cliff.

22           MR. SELBIN:  Your Honor, if I may, I --

23           THE COURT:  I mean, you can't blame Sallie Mae for

24   knowing who is in your class.  That's not going to fly around

25   here.

1          MR. SELBIN:  The problem with that, Your Honor, is

2    that they are the ones who had the information.  It was

3    solely in their possession.  And they presented us the

4    information in interrogatory responses.  We did the work you

5    would expect lawyers to do to get that information.

6      So, in other words, we served interrogatories that asked

7    Sallie Mae to tell us how many people were in the class and

8    how many people fell into different categories, and they

9    answered those interrogatories.  And so based on that

10   information, we thought we had all the information.  And I'm

11   not sure what a reasonable lawyer would do in those

12   circumstances, beyond accepting the sworn discovery responses

13   of the defendant.

14     Now, as it turned out, they came to us and discovered that

15   they had missed some things.  We came forward immediately to

16   the court and said, Your Honor, we need time to figure out

17   what's going on here.  We took the deposition of Mr. Walter

18   on two occasions in order to ascertain what happened.  We

19   served additional interrogatories.  They answered additional

20   interrogatories.

21     So I really do believe, Your Honor, what I am fully

22   cognizant of and take responsibility for is our error on the

23   *Mercury Interactive* piece of this.  We actually, as you will

24   recall, did post our -- we did post our fee application on

25   the website.  We just put the wrong date in the notice as to

1   when we were going to do it.

2       Unquestionably, that was a mistake.  Was it a big mistake?

3   I don't think that was a big mistake.  It required us to then

4   put everything over.  And I don't recall, Your Honor, saying

5   everything is fine, just fine, we want you to go ahead and

6   approve the settlement.  You indicated pretty quickly at that

7   hearing that you were inclined to put things over, given all

8   of the loose ends that were out there.

9       But I believe, Your Honor, that we have done our job as

10  class counsel.  We've worked hard in this case.  We waived

11  any fees out of that additional money that was generated,

12  because we didn't feel like the Palmer folks could take

13  responsibility, equally.  Frankly, we felt like that was

14  something that came about not because of us but because of

15  Sallie Mae.

16      So I stand by -- I hear Your Honor, but I stand by my A

17  minus.  And I say that we made one mistake.  The finding of

18  the additional class members was not something any reasonable

19  lawyer working diligently could have uncovered.  It wasn't

20  information that we had access to.  It was information that

21  we sought discovery on, and they provided us responses.

22           THE COURT:  All right.  Thank you.

23           MR. SELBIN:  Very good, Your Honor.  Thank you.

24           THE COURT:  Ms. Strickland, Sallie Mae, do you wish

25  to be heard?

1      MS. STRICKLAND:  No, Your Honor.

2      THE COURT:  All right.  Counsel, as I indicated, in

3  regards to the prior motion for approval, I do intend to

4  award some attorneys' fees.  I wanted to have the advantage

5  of hearing what counsel had to say.

6      This case has not gone smoothly.  And I would have

7  expected more from the quality of counsel that we have in the

8  room.  I will grant you that the Ninth Circuit has some

9  unusual rules in regards to administration of class actions.

10  And the question in my mind at this time is, somewhere

11  between actual attorneys' fees and a lodestar factor,

12  particularly the lodestar factor recommended by the

13  plaintiffs in this matter, what is the appropriate amount?

14  So that is the question that I will answer, but know that you

15  will get paid.  The question is:  How much?

16      Counsel, anything further at this time?

17      MS. TERRELL:  No, Your Honor.

18      MR. SELBIN:  Nothing further here, Your Honor.

19      MS. STRICKLAND:  Nothing, Your Honor.

20      THE COURT:  All right.  Then we'll be in recess.

21  Thank you.

22      MR. SELBIN:  Thank you, Your Honor.

23      MR. PALMER:  Thank you, Your Honor.

24      (Proceedings adjourned.)

25

C E R T I F I C A T E

        I, Kari McGrath, CCR, CRR, RMR, Official Court
Reporter for the United States District Court in the Western
District of Washington at Seattle, do hereby certify that I
was present in court during the foregoing matter and reported
said proceedings stenographically.

        I further certify that thereafter, I have caused
said stenographic notes to be transcribed under my direction
and that the foregoing pages are a true and accurate
transcription to the best of my ability.



                        /S/  KARI McGRATH

                        Kari McGrath, CCR, CRR, RMR

                        Official Court Reporter