IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE BANK OF AMERICA CREDIT PROTECTION MARKETING & SALES PRACTICES LITIGATION

This Order Relates To:

ALL CASES

NO. 11-md-2269 TEH

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Having held a Final Approval Hearing on January 14, 2013, notice of which was given in accordance with this Court's Order dated July 23, 2012, (1) conditionally certifying a Settlement Class, (2) preliminarily approving the Settlement, (3) approving the various forms of notice, and (4) setting a date for the final approval hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing, including all objections, and finding no just reason for delay in entry of this Final Order and Judgment (the "Final Order and Judgment") and with good cause appearing, THIS COURT FINDS and ORDERS as follows:

1. The definitions set forth in the Settlement Agreement are hereby incorporated by reference into this Order.

2. Solely for the purpose of settlement, in accordance with the Settlement Agreement, and pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby certifies the following class: all people in the United States who were enrolled in a Credit Protection program issued by FIA Card Services, N.A., a subsidiary of Bank of America Corporation, between January 1, 2006 and July 17, 2012. These programs include, but are not limited to: Credit Protection Plus, Cardholder Security Plan, Credit Protection Plan, Credit Protection Deluxe, and Credit Protection Fleet (collectively, "CPP").

For clarification purposes only, the Settlement Class includes customers who originally enrolled in a Credit Protection program prior to January 1, 2006, but remained enrolled at any time on or after January 1, 2006.

3. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court finds that:

    a. The Settlement Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the Settlement Class;

    c. The claims of Settlement Class Representatives are typical of the claims of the Settlement Class that Settlement Class Representatives seek to certify;

    d. Settlement Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class;

    e. The questions of law or fact common to the members of the Settlement Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

    f. Certification of the Settlement Class is superior to other available methods for fair and efficient adjudication of the controversy.

4. For the purpose of the Settlement, Juan Arevalo, Mitchell Sandow, Jason Chan, Blanche Melendez, Rose Rowley, Vivian Somers, Wilfred Somers, Cheryl Ross, Maryellen Richmond, Frederick Richmond, Maude Stewart, Marion Walton, Angela Zeleny, and Dominick Mattiello, Jr., as Executor of the Estate of Dominick M. Mattiello, shall be appointed Settlement Class Representatives.

5. The Court appoints Lieff Cabraser Heimann & Bernstein, LLP (Chair of Plaintiffs' Executive Committee and Plaintiffs' Liaison Counsel); Glancy Binkow & Goldberg LLP; and Carey, Danis & Lowe as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

6. The Court hereby finds and concludes that various forms of notice were disseminated to members of the Settlement Class in accordance with the terms set forth in Section III.C of the Settlement Agreement and with this Court's Preliminary Approval Order.

7. The Court further finds and concludes that Class Notice and claims submission procedures set forth in Section III.C of the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process and were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable efforts, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Final Order and Judgment.

8. The Court hereby finds and concludes that the notice provided by Defendants to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

9. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

10. The Court hereby approves the Plan of Allocation of the Settlement Amount and interest accrued thereon. If any amounts remain in the Settlement Fund following the deduction of claim notice and settlement administration costs and taxes, any attorneys' fees and costs, and/or service awards awarded by the Court, and the pro rata distribution of settlement funds to all eligible Class Members who have submitted timely and valid claims, the remaining amounts shall be distributed to the Center for Responsible Lending, which the Court finds to be a suitable *cy pres* recipient.

11. The Court hereby dismisses the Action with prejudice and without costs to any party except as provided in the Agreement, subject to the Court's continuing jurisdiction over

3

the Parties and the Settlement Fund for the purpose of enforcement of the terms of the Settlement, as detailed in Paragraph 15 of this Order.

12. Upon the Effective Date (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from the Final Order and Judgment), the Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally releases and forever discharges the Released Parties from the Released Claims. In addition, any rights of the Settlement Class Representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

13. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order and Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This bar does not apply to any person who has timely and validly requested exclusion from the Settlement Class. A list of persons who have timely and validly requested exclusion is attached hereto.

14. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or any liability or wrongdoing, by Defendants, or of the truth of any of the claims asserted by Plaintiffs in the Actions, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding, except for

4

purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Final Order and Judgment.

15. Without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over this Settlement, including, without limitation, issues concerning its administration and consummation. The Court also retains exclusive jurisdiction over Defendants, Plaintiffs, and the Settlement Class Members regarding the Settlement Agreement and this Final Order and Judgment. Defendants, Plaintiffs, and Settlement Class Members are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court over any suit, action, proceeding, or dispute arising out of or relating to the Released Claims, this Final Order and Judgment, and the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Final Order and Judgment. Solely for the purposes of each suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is in any way an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Final Order and Judgment, and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

16. The Court incorporates herein the terms of the Settlement Agreement, which is attached as Exhibit 1 to the Preliminary Approval Motion (Docket No. 72-1), and determines that this Final Order and Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1). Based on the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Order and Judgment notwithstanding the Court's

retention of jurisdiction per Paragraph 15 to oversee implementation and enforcement of the Settlement Agreement, the Court directs the clerk to enter final judgment pursuant to Rule 54(b) and to close the multi-district case and all member and related cases.

**IT IS SO ORDERED.**

Dated: 01/16/2013

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT