| | |
|---|---|
| 1 | Rachel Geman (admitted *pro hac vice*)<br>rgeman@lchb.com |
| 2 | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP<br>250 Hudson Street, 8th Floor |
| 3 | New York, NY  10013-1413<br>Telephone:     (212) 355-9500 |
| 4 | Facsimile:      (212) 355-9592 |
| 5 | Francis J. "Casey" Flynn, Jr. (admitted *pro hac vice*)<br>casey@jefflowepc.com |
| 6 | CAREY, DANIS & LOWE<br>8235 Forsyth Boulevard, Suite 1100 |
| 7 | Saint Louis, Missouri  63105-1643<br>Telephone:     (314) 725-7700 |
| 8 | Facsimile:      (314) 721-0905 |
| 9 | Marc L. Godino<br>mgodino@glancylaw.com |
| 10 | GLANCY BINKOW & GOLDBERG LLP<br>1925 Century Park East, Suite 2100 |
| 11 | Los Angeles, CA  90067<br>Telephone:     (310) 201-9150 |
| 12 | Facsimile:      (310) 201-9160<br>mgodino@glancylaw.com |
| 13 | |
| 14 | *Class Counsel for Plaintiffs* |
| 15 | *[Additional Counsel listed on signature page]* |
| 16 | |
| 17 | UNITED STATES DISTRICT COURT |
| 18 | NORTHERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| 19 | IN RE: BANK OF AMERICA CREDIT PROTECTION MARKETING AND SALES PRACTICES LITIGATION | MD No. 3:11-md-02269 TEH |
| 20 | | MDL Docket No. 2269 |
| 21 | | **CLASS COUNSEL'S RESPONSE TO CLAIMANT'S CONCERNS** |
| 22 | THIS DOCUMENT RELATES TO ALL ACTIONS | |

1121062.1

CLASS COUNSEL'S RESPONSE TO CLAIMANT'S
CONCERNS
CASE NO. MD NO. 3:11-MD-02269 THE

Pursuant to the Order to File Response to Claimant's Concerns (MDL Dkt. No. 111), Class counsel respond as follows:

## I. PROCEDURAL HISTORY AND BACKGROUND

Following final settlement approval and the resolution of all appeals, the Settlement Administrator Gilardi & Co., LLC prepared for distribution of settlement checks to qualified claimants by May 23, 2013. However, in the course of reviewing the claims, the Claims Administrator noted that certain Class Members filed deficient claims and that further follow-up would be necessary to ascertain the intent of those Class Members. Specifically, these Class Members did not clearly indicate which of the two settlement options applied to them. The parties submitted a Stipulation and Proposed Order Extending Distribution Deadline to initiate a procedure to resolve those deficient claims. The Court approved that Proposed Order on May 28, 2013 (MDL Dkt. No. 110).

Class counsel and Defendants' counsel worked with the Settlement Administrator to update the settlement website with information on how to fix deficient claims by adding a detailed description under the heading "Fix My Claim," and added approved content to the settlement telephone hotline. On June 6, 2013, following input and approval from Class counsel and Defendants' counsel, the Settlement Administrator sent postcard or email notice to approximately 30,613 claimants asking them to use their Claim ID and PIN to access the settlement website at www.creditprotectionsettlement.com and complete the claim information. *See* Supplemental Declaration of Markham Sherwood and Updated Report on Correspondence Received (MDL Dkt. No. 109-1) at ¶ 8. If a Class Member did not have computer access, the approved customer service script required the Settlement Administrator to state: "If you cannot respond on the website to make your selection, you may return the postcard, which we must receive by June 27, 2013, with your signature and intent to claim an award based on option 2 'because you attempted to obtain CPP benefits and you believe your request was denied improperly or based on exclusions contrary to your expectations.'"

## II. CLAIMANT COMMONS

The Settlement Administrator mailed Lourdes Commons a notice of deficient claim postcard on June 6, 2013.

The Settlement Administrator's phone records reflect that Mr. Geoffrey Commons placed a call lasting approximately seven minutes on June 8, 2013, and three short calls lasting under two minutes on the morning of June 10, 2013. The Settlement Administrator's software indicates that Mr. Commons used the interactive voice recognition ("IVR") system to listen to information about the settlement.

Later on the morning of June 10, 2013, Mr. Commons placed a call lasting approximately 49 minutes during which he spoke to a live operator, a customer service representative, and a supervisor for approximately 28 minutes. The Settlement Administrator reported that, from the outset of the conversation, Mr. Commons seemed to be agitated. Mr. Commons stated that he intended to record the call and had been on hold for one hour. (The telephone software indicates that his wait time between initiating the call and speaking with a live customer service representative was about twenty minutes.[1]) At Mr. Commons' request, the customer service representative correctly identified class counsel as Lieff, Cabraser, Heimann & Bernstein, but, later in the call, incorrectly identified additional class counsel as Robbins, Geller, Rudman, & Dowd, LLP, of San Diego, California. Mr. Commons posed several questions to Settlement Administrator's customer service representative about how to correct his deficient claim form. The customer service representative answered those questions according to the approved script. At Mr. Commons' request, the call was escalated to a customer service supervisor. Mr. Commons told the supervisor that it took him two hours to get through to an operator. The supervisor also explained Mr. Commons' options for returning a deficiency notice if he did not have access to a computer.[2]

---

[1] The Settlement Administrator experienced a power outage that morning. While the outage did not affect the IVR system or the ability to request to speak to a live operator, it did result in a longer-than-normal wait time for a customer service representative. The telephone software cannot determine how much of the 20 minutes was spent using the IVR system or on hold.

[2] If the Court so desires, Class counsel will submit the complete transcript of this phone conversation to the Court. The Settlement Administrator informs callers that it records all calls

*Footnote continued on next page*

1    Mr. Commons called back later that day and informed another representative that the first
2 representative identified the wrong class counsel. The representative apologized and provided
3 him with the correct information. The total length of this second live call was under 34 minutes.
4    Mr. Commons immediately thereafter called Class counsel at Lieff, Cabraser, Heimann, &
5 Bernstein, LLP. A receptionist directed him to the paralegal assigned to the case. Mr. Commons
6 stated his belief that it was illegal to require deficient claims to be corrected solely on the
7 computer. He stated that it took him two hours to reach a live representative at the Settlement
8 Administrator, who told him to contact an incorrect plaintiffs' firm in San Diego. He stated that
9 the Settlement Administrator advised him that a paper deficiency correction form would be
10 mailed to him in two weeks, which he stated was unacceptable. Mr. Commons stated his desire to
11 correct his deficient claim form and inform the Court "how bad these people [at the Settlement
12 Administrator] are."
13    Class counsel reported Mr. Commons' complaint to the Settlement Administrator and
14 directed the Settlement Administrator to call back Mr. Commons immediately, which they did.
15 The Settlement Administrator reiterated to Class counsel that its operators have instructions to tell
16 class members who do not have internet access to write to the Settlement Administrator's address
17 indicating their election.
18    Mr. Commons has returned the deficiency postcard and has elected and will receive the
19 higher settlement award from option two. The Settlement Administrator and Class counsel regret
20 that the Settlement Administrator incorrectly identified Class counsel to Mr. Commons and have
21 apologized to him for that error.[3]

---

26 for quality control purposes.

[3] Mr. Commons' requests that "the deficiency card be corrected" and that the Settlement Administrator "be given the names, addresses, and phone numbers of counsel and the court" are unnecessary because: (1) there was no incorrect information in the deficiency postcards and (2) the Settlement Administrator already has counsel's and the Court's correct information.

### III. SUMMARY OF CLASS MEMBER CALLS AND UPDATED CLAIM FORMS

To date, the Settlement Administrator has received over 198,000 calls, with approximately 8,000 of those calls transferring to a live customer service operator. Neither the Settlement Administrator nor Class counsel have received complaints from any other class member regarding the Settlement Administrator's customer service or the accuracy of any of the information provided by the Settlement Administrator. Mr. Commons' experience with the Settlement Administrator, while regrettable, appears to be an isolated incident.

The Settlement Administrator has confirmed that approximately 2,746 claimants updated their deficient claim forms by clearly indicating a settlement option. After notice and a second opportunity to clearly elect a settlement option, the remaining claimants with deficient claim forms will receive payment of the lower settlement award.

Dated: July 8, 2013          Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By:  /s/ Rachel Geman
       Rachel Geman

Elizabeth Cabraser (State Bar No. 083151)
Michael W. Sobol (State Bar No. 194857)
Daniel M. Hutchinson (State Bar No. 239458)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com
msobol@lchb.com
dhutchinson@lchb.com

Rachel Geman (admitted *pro hac vice)*
Wendy R. Fleishman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
wfleishman@lchb.com
rgeman@lchb.com

Marc L. Godino
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
mgodino@glancylaw.com

John J. Carey
Francis J. "Casey" Flynn, Jr.
Tiffany M. Yiatras
CAREY DANIS & LOWE
8235 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Telephone: (800) 721-2519
Facsimile: (314) 721-0905
jcarey@careydanis.com
casey@jefflowepc.com
tyiatras@caseydanis.com

**Class Counsel**


Richard Golomb
Ruben Honik
GOLOMB & HONIK PC
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Telephone: (215) 985-9177
Facsimile: (215) 985-4169
rhonik@golombhonik.com
rgolomb@golombhonik.com

J. Allen Carney
Randall K. Pulliam
CARNEY WILLIAMS BATES PULLIAM &
BOWMAN PLLC
11311 Arcade Drive, Suite 200
Little Rock, AK 72212
Telephone: (501) 312-8500
Facsimile: (501) 312-8505
acarney@carneywilliams.com
rpulliam@carneywilliams.com

Brett Cebulash
Kevin S. Landau
TAUS, CEBULASH & LANDAU, LLP
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: (212) 931-0704
bcebulash@tcllaw.com
klandau@tcllaw.com

Steve Owings
OWINGS LAW FIRM
1400 Brookwood
Little Rock, AR 72202
Telephone: (501) 661-9999
Facsimile: (501) 661-8393
sowings@owingslawfirm.com

David S. Paris
Ross H. Schmierer
PARIS ACKERMAN & SCHMIERER LLP
101 Eisenhower Parkway
Roseland, NJ 07068
Telephone: (973) 228-6667
Facsimile: (973) 629-1246
david@paslawfirm.com
ross@paslawfirm.com

Bruce Nagel
Jay Rice
Diane Sammons
NAGEL RICE, LLP
103 Eisenhower Parkway
Roseland, NJ 07068
Telephone: (973) 618-0400
Facsimile (973) 618-9194
bnagel@nagelrice.com
jrice@nagelrice.com
dsammons@nagelrice.com

**ATTORNEYS FOR PLAINTIFFS AND ADDITIONAL COUNSEL FOR THE CLASS**